Ira S. Lipsius
LIPSIUS BENHAIM LAW LLP
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: (212) 981-8440
Facsimile: (888) 442-0284
Email: iral@lipsiuslaw.com

*Attorney for Defendants Beechwood Capital Group, B Asset Manager II LP, BBLN-PEDCO Corp., and BHLN-PEDCO Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA,

       Plaintiff,

  -v-

BEECHWOOD RE LTD., et al.,

       Defendants.

18-cv-06658 (JSR)

------------------------------------------------------------------ X

MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation),

       Plaintiffs,

  -v-

PLATINUM MANAGEMENT (NY) LLC, et al.,

       Defendants.

18-cv-10936 (JSR)

------------------------------------------------------------------ X

**MEMORANDUM OF LAW OF DEFENDANTS BEECHWOOD CAPITAL GROUP LLC, B ASSET MANAGER II LP, BBLN-PEDCO CORP., AND BHLN-PEDCO CORP. IN SUPPORT OF THEIR MOTION TO DISMISS ON GROUP PLEADING GROUNDS**

Defendants Beechwood Capital Group LLC, B Asset Manager II LP, BBLN-PEDCO Corp., and BHLN-PEDCO Corp. (the "Beechwood Movants") respectfully move to dismiss the First Amended Complaint (the "Complaint" or "FAC") by Martin Trott and Christopher Smith, as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) and Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) ("Plaintiffs"), for failure to state a claim for which relief can be granted.[1]

**ARGUMENT**

**THE COMPLAINT'S RELIANCE ON IMPERMISSIBLE GROUP PLEADING AGAINST THE BEECHWOOD MOVANTS FAILS TO SATISFY RULE 8 AND RULE 9(B)**

The allegations against the Beechwood Movants rely entirely on impermissible group pleading. The prohibition on group pleading is set out in detail in Point I of the Memorandum of Law in Support of David Bodner's Motion to Dismiss (Doc. No. 183), which the Beechwood Movants incorporate herein as to statements of law.

The Beechwood Movants are identified among a 43-member group of other entities, defined in the Complaint as the "Beechwood Entities." (FAC ¶ 206.) The sprawling nature of this group, and lack of specific allegations regarding the Beechwood Movants, lay bare Plaintiffs' effort to sue every party under the sun with a Beechwood-linked name, no matter how far removed from the underlying allegations. The Complaint pleads barely any facts against the Beechwood Movants, and the few facts it does plead are unrelated to any purported

---

[1] The Beechwood Movants reserve the right to file individual motions to dismiss on additional grounds at the appropriate time, if necessary.

misconduct. Accordingly, the Court should dismiss the Complaint as to the Beechwood Movants pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[2]

### A. The Complaint Fails to State a Cause of Action against Beechwood Capital

Other than the generic references to "Beechwood Defendants," the Complaint makes only three specific references to Beechwood Capital, none of which are relevant to the causes of action that Plaintiffs have brought against the "Beechwood Defendants" (Claims 7, 8, 14, 16). In particular, Plaintiffs allege that:

- "[b]y February 28, 2013, Levy and Nordlicht were advising Beechwood Capital and designating Taylor as Beechwood Capital's manager" (FAC ¶ 344);

- two of the individual defendants "discussed the execution of an NDA between Beechwood Capital and Alpha Re Limited, another reinsurance company" (*id.* ¶ 345); and

- "a transfer by Platinum Management of $1,749,666.51 to Beechwood Capital" was included among a list of wire transfers that Defendant Steinberg sent in an email to Defendant Huberfeld on March 28, 2013.  (*id.* ¶ 346.)

These allegations are either wholly conclusory or completely disconnected from the alleged fraudulent conduct. For example, Plaintiffs allege in the second item above that Beechwood Capital entered into an NDA with a reinsurance company called Alpha Re. But, after doing so, Plaintiffs fail to reference Alpha Re anywhere else in their Complaint, let alone make any attempt to tie that entity to any of the underlying claims. As set forth in detail by Defendant Bodner in his accompanying brief, such allegations fall woefully short of the pleading

---

[2] For numerous additional reasons that will be addressed in a forthcoming motion to dismiss, the FAC also fails to state a claim against Mark Feuer, Scott Taylor, Dhruv Narain, B Asset Manager LP, Beechwood Re Investments LLC, Beechwood Re Holdings Inc., Beechwood Re Ltd., Beechwood Bermuda International Ltd., and BAM Administrative Services.

3

requirements of either Rule 8 or Rule 9(b) and thus cannot survive a Rule 12(b)(6) motion to dismiss.

Plaintiffs' allegations as they relate to Beechwood Capital are illustrative of their shotgun approach to pleading and, more disturbingly, suggest that Plaintiffs failed to conduct a reasonable pre-filing investigation before bringing this suit. Specifically, Plaintiffs allege that Defendant David Steinberg sent an email in March 2013 to Defendant Murray Huberfeld concerning a wire transfer of $1.7 million from a Platinum-affiliated account to Beechwood Capital. (FAC ¶ 346.) Plaintiffs make much of this purported transfer, claiming that it was part of an "unlawful attempt to deplete PPVA of its value for the benefit of insiders." (Dkt. 155 at 21.) But this never happened. The exhibit attached by Plaintiffs to their Complaint makes clear that there was no transfer from PPVA to Beechwood Capital. Rather, Beechwood Capital wired approximately $50,000 to Grid Software in March 2013 as part of a small investment that Beechwood Capital was making in that company. The total amount of money that Grid Software raised from Beechwood Capital and the 18 other investors identified on the document seems to have been roughly $1.7 million. This is all readily apparent from the face of the Plaintiffs' exhibit. Yet, in an effort to wrestle this document into their narrative, Plaintiffs appear to have read it upside down and backwards. Because Plaintiffs' allegation is contradicted by the very document upon which the Complaint purports to rely, it need not be accepted as true, *see Emps.' Ret. Sys. of Govt. of Virgin Islands v. Morgan Stanley & Co., Inc.*, 814 F. Supp. 2d 344, 353 (S.D.N.Y. 2011) (citing cases), and Plaintiffs' claims against Beechwood Capital should be dismissed.

**B.     The Complaint Fails to State a Cause of Action against B Asset Manager II LP**

The Complaint makes even fewer specific references to B Asset Manager II LP, alleging only that it "served as an investment advisor for Beechwood and its various investments." (FAC

¶ 196.)  But the Complaint does not reference a single transaction that PPVA entered involving B Asset Manager II LP.  And it makes no attempt to link B Asset Manager II LP to any purported efforts to falsely inflate the net value ascribed to PPVA's assets or to prioritize the interests of the Beechwood Entities over the interests of PPVA.  Instead, the Complaint simply lumps B Asset Manager II LP with B Asset Manager LP, calling them "BAM," and with the much larger "Beechwood Defendants" group.  For the same reasons described above, the Court should dismiss the Complaint in its entirety as to B Asset Manager II LP.

**C.    The Complaint Fails to State a Cause of Action against BBLN-PEDCO Corp. or BHLN-PEDCO Corp.**

As to BBLN-PEDCO Corp. and BHLN-PEDCO Corp., the Complaint makes only one specific allegation against both:  they "at all relevant times, were managed by BAM Administrative and administered in New York, New York."  (FAC ¶ 202.)  Other than grouping them in with the "Beechwood Defendants," that is their only mention.  Accordingly, for the same reasons described above, the Court should dismiss the Complaint in its entirety as to BBLN-PEDCO Corp. and BHLN-PEDCO Corp.

## CONCLUSION

Plaintiffs have been on notice since January 9, 2019, after several defendants filed motions to dismiss the original complaint (see, e.g. Doc. Nos. 69, 71, 78), that their original complaint was doomed due to its reliance on impermissible group pleading.  Plaintiffs admitted as much when they filed the First Amended Complaint in response.  This Court should not permit Plaintiffs to continually fix the same problems in piecemeal fashion, and should instead dismiss the Complaint as to the Beechwood Movants with prejudice.  For the foregoing reasons, the Court should dismiss the Complaint as to Defendants Beechwood Capital Group, B Asset Manager II LP, BBLN-PEDCO Corp., and BHLN-PEDCO Corp. with prejudice.

5

Dated: February 4, 2019
       Kew Gardens, New York

                      LIPSIUS BENHAIM LAW LLP

                      By: _____
                             Ira S. Lipsius
                             80-02 Kew Gardens Road, Suite 1030
                             Kew Gardens, New York 11415
                             Telephone: (212) 981-8440
                             Facsimile: (888) 442-0284
                             Email: iral@lipsiuslaw.com

                             *Attorney for Defendants Beechwood*
                             *Capital Group, B Asset Manager II LP,*
                             *BBLN-PEDCO Corp., and BHLN-PEDCO*
                             *Corp.*