UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                            :
IN RE PLATINUM BEECHWOOD LITIGATION,     :    No. 1:18-cv-06658-JSR
                                                            :
------------------------------------------------------------------------x
MARTIN TROTT and CHRISTOPHER SMITH, as        No. 1:18-cv-10936-JSR
Joint Official Liquidators and Foreign Representatives   :
of PLATINUM PARTNERS VALUE ARBITRAGE     :
FUND L.P. (in Official Liquidation) and PLATINUM   :
PARTNERS VALUE ARBITRAGE FUND L.P.           :
(in Official Liquidation),                                 :
                                                            :
                    Plaintiffs,               :    ANSWER OF DEFENDANT
                                                            :      BERNARD FUCHS
        -v-                                            :
                                                            :
PLATINUM MANAGEMENT (NY) LLC, et al    :
                                                            :
                    Defendants                :
                                                            :
------------------------------------------------------------------------x

      Defendant Bernard Fuchs, by his attorneys, Novak, Juhase & Stern, as and for his answer to the plaintiffs' complaint states as follows:

## DESCRIPTION OF THE CASE

      1.    Denies sufficient knowledge or information to form a belief regarding paragraphs 1, 2, 3, 8, 11, 13, 14, 15, 17, 18, 23, 24, 28, 32, 33, & 36.

      2.    Denies as to defendant Bernard Fuchs and denies sufficient knowledge or information to form a belief as to the rest of paragraphs 4, 5, 6, 7, 9, 10, 16, 19, 20, 21, 22, 25, 26, 27, 29, 30, 31, 34 & 35.

      3.    Denies paragraph 12 as to defendant Bernard Fuchs but admits that he was a member of Platinum Management for a limited amount of time, but he had no supervisory or for that fact any role in its day to day operations or long range strategic goals. Denies sufficient knowledge or information to form a belief as to the rest of the paragraph.

1

PARTIES RELEVANT TO THE JOL'S CLAIMS

1. Denies sufficient knowledge or information to form a belief regarding paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 67, 68, 70, 71, 72, 74, 75, 76, 77, 79, 80, 81, 83, 84, 85, 87, 88, 89, 90, 91, 93, 94, 95, 97, 98, 99, 100, 101, 112, 113, 114, 115, 116, 117, 118, 119, 121, 122, 123, 124, 126, 129, 130, 131, 132, 133, 134, 137, 138, 140, 141, 142, 145, 147, 149, 151, 152, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 166, 167, 168, 169, 170, 171, 72, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 220, 221 & 222.

2. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 48, 63, 65, 66, 69, 73, 78, 86, 92, 96, 102, 120, 125, 128, 135, 136, 143, 144, 146, 148, 150, 165, 208 & 219,

3. Admits to Exhibit 2 but denies sufficient knowledge or information to form a belief regarding paragraph 82.

4. Admits paragraph 103, 108 &153,

5. Denies paragraph 104 but admits that defendant Bernard Fuchs was a direct holder of ownership interests in Platinum Management from June 1, 2014, to December 31, 2015.

6. Denies paragraph 105 but admits that defendant Bernard Fuchs did not have an official title.

7. Denies paragraph 106 but admits that defendant Bernard Fuchs was involved in meeting with important investors where he discussed his own investment with them. He also admits that he tried to help investors to answer their questions about liquidity and redemptions

based on information supplied to him by management but had no authority regarding those issues.

8.  Denies paragraph 107 & 111.

9.  Denies paragraph 109 but admits that defendant Bernard Fuchs passed on information provided him by PPVA management which he believed to be true at the time.

10. Denies paragraph 110, but admits that defendant Bernard Fuchs sent the email.

11. Denies sufficient knowledge or information regarding paragraph 127 but admits that defendant Bernard Fuchs knew Michael Katz before 2016.

12. Denies sufficient knowledge or information to form a belief regarding paragraph 139 but admits that Morris Fuchs is defendant Bernard Fuchs' brother, that Shmuel Fuchs Foundation is his brother's foundation and Solomon Werdiger is a friend.

13. Denies knowledge or information regarding paragraph 164 but admits that Morris Fuchs is the brother of defendant Bernard Fuchs and that Bernard Fuchs was an investor in various funds managed by Platinum Defendants.

## JURISDICTION AND VENUE

14. Denies sufficient knowledge or information to form a belief regarding paragraphs 223, 224 & 225.

## FACTUAL BACKGROUND

15. Denies sufficient knowledge or information to form a belief regarding paragraphs 226, 227, 228, 229, 230, 231, 323, 233, 234, 235, 236, 238, 239, 241, 243, 244, 245, 246, 247, 248, 249, 250, 252, 253, 254, 255, 256, 258, 260, 263, 264, 267, 273, 274, 275, 276, 277, 278, 279, 280, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 309, 313, 314, 315, 324, 325, 328, 330, 331, 332, 333, 334,

336, 338, 340, 341, 342, 347, 348, 350, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 374, 375, 376, 377, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 413, 414, 415, 417, 420, 421, 423, 430, 432, 432, 433, 435, 437, 441, 443, 444, 445, 446, 448, 449, 452, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 467, 469, 470, 471, 472, 473, 474, 476, 477, 478, 481, 482, 484, 485, 486, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 499, 501, 502, 503, 504, 506, 507, 508, 509, 511, 513, 520, 524, 525, 526, 530, 531, 539, 542, 544, 545, 548, 549, 550, 555, 560, 562, 565, 566, 569, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 585, 586, 587, 588, 589, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 605, 609, 610, 611, 612, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 632, 633, 634, 635, 636, 637, 639, 644, 645, 646, 647, 650, 651, 652, 654, 655, 656, 657, 658, 660, 661, 662, 663, 664, 665, 666, 667, 668, 669, 670, 671, 672, 678, 679, 681, 682, 683, 685, 686, 687, 689, 690, 692, 693, 694, 695, 696, 697, 698, 699, 700, 701, 702, 703, 704, 705, 706, 707, 710, 711, 712, 715, 718, 719, 720, 722, 724, 725, 727, 729, 730, 731, 732, 733, 734, 735, 738, 742, 746, 748, 749, 752, 753, 754, 755, 757, 761 & 762.

16. Admits paragraph 237, 242, 251, 281,

17. Denies paragraph 240 but admits that defendant Bernard Fuchs was a holder of membership interests in Platinum Management. Denies sufficient knowledge or information to form a belief regarding the allegations against Landesman.

18. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 257, 259, 261, 262, 265, 266, 268, 269, 270, 271, 272, 306, 307, 308, 310, 311, 312, 316, 317, 318, 319, 320, 321, 322, 323, 326, 327, 329, 335, 337, 339, 343, 344, 345, 346, 349, 351, 372, 373, 378, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410,

4

411, 412, 416, 418, 419, 422, 424, 425, 426, 427, 428, 429, 434, 436, 438, 439, 440, 442, 447, 450, 451, 453, 466, 468, 475, 479, 480, 483, 487, 498, 500, 505, 510, 512, 514, 515, 516, 517, 518, 519, 521, 522, 523, 527, 528, 529, 532, 533, 534, 535, 536, 537, 538, 540, 541, 543, 546, 547, 551, 552, 553, 554, 556, 557, 558, 559, 561, 563, 564, 567, 568, 570, 584, 590, 603, 604, 606, 607, 608, 613, 630, 631, 638, 640, 641, 642, 643, 648, 649, 653, 659, 673, 674, 675, 676, 677, 680, 684, 688, 691, 708, 709, 713, 714, 716, 717, 721, 723, 726, 728, 736, 737, 739, 740, 741, 743, 744, 745, 747, 750, 751, 756, 758, 759, & 760.

## CLAIMS FOR RELIEF

### First Count

19. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 763, 764, 765, 766, 767. 768, 769, 770, 771, 772 & 773.

### Second Count

20. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 774, 775, 776, 777, 778, 779, 780 & 781.

### Third Count

21. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 782, 783, 784, 785, 786, 787, 788, 789, 790, & 791.

### Fourth Count

22. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 792, 793, 794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812 & 813.

### Fifth Count

23. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 814, 815, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 826 & 827-837.

Sixth Count

24. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 838-845.

Seventh Count

25. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 846-857.

Eighth Count

26. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 858-868.

Ninth Count

27. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 869-885.

Tenth Count

28. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 886-899.

Eleventh Count

29. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 900-910.

Twelfth Count

30. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 911- 925.

### Thirteenth Count

31. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 926-937.

### Fourteenth Count

32. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 938-947.

### Fifteenth Count

33. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 948-959.

### Sixteenth Count

34. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 960-967.

### Seventeenth Count

35. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 968-985.

### Eighteenth Count

36. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 986-1000.

### Nineteenth Count

37. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 1001-1012.

### Twentieth Count

38. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 1013-1020.

### Twenty-First Count

39. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 1021-1028.

### Twenty-Second Count

40. Denies as to defendant Bernard Fuchs and denies sufficient knowledge to form a belief as to the rest of paragraphs 1029-1041.

### First Affirmative Defense

41. The complaint fails to state a cause of action against defendant Bernard Fuchs.

### Second Affirmative Defense

42. The claims in the Complaint are barred, in whole or in part, by the doctrine of *in pari delicto*. Among other things, PPVA engaged in conduct equal to or greater than the conduct alleged against defendant Bernard Fuchs.

### Third Affirmative Defense

43. The plaintiffs' claims against defendant Bernard Fuchs are barred, in whole or in part, by the limitations on liability in the PPVA Limited Partnership Agreement and the Platinum Management Operating Agreement.

### Fourth Affirmative Defense

44. PPVA's claims for relief are barred, in whole or in part, by its failure to mitigate damages.

### Fifth Affirmative Defense

45. PPVA's claims are barred, in whole or in part, because PPVA consented to and/or ratified the conduct alleged to have been wrongful in the Complaint.

### Sixth Affirmative Defense

46. PPVA's claims are barred, in whole or in part, by the doctrine of waiver.

### Seventh Affirmative Defense

47. PPVA's claims are barred, in whole or in part, by the doctrine of estoppel.

### Eighth Affirmative Defense

48. PPVA's claims are barred, in whole or in part, by the doctrine of laches.

### Ninth Affirmative Defense

49. PPVA's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Tenth Affirmative Defense

50. The relief sought in the Complaint is barred, in whole or in part, because any loss or damage sustained by PPVA was occasioned by the acts, omissions, and/or conduct of persons and/or entities over whom defendant Bernard Fuchs exercised no control.

### Eleventh Affirmative Defense

51. PPVA's claims as to Bernard Fuchs are barred, in whole or in part, because no personal fiduciary duty could have arisen before June 1, 2014, and after Dec. 31, 2015.

### Twelve Affirmative Defense

52. PPVA's damages are limited, in whole or in part, by the doctrine of setoff.

### First Counter-claim

53. To the maximum extent permitted by applicable law, PPVA is obligated to indemnify defendant Bernard Fuchs against all liabilities and losses (including amounts paid in respect of judgments, fines, penalties or settlement of litigation, and legal fees and expenses

reasonably incurred in connection with any pending or threatened litigation or proceeding) suffered with respect to any action or omission suffered or taken that is not in material violation of the PPVA Limited Partnership Agreement and the Platinum Management Operating Agreement and does not constitute fraud, gross negligence, or willful misconduct.

54. Bernard Fuchs was a member of Platinum Management (NY) LCC which was the general partner of PPVA.

55. Pursuant to the Second Amended and Restated Limited Partnership of PPVA, Section 2.07, PPVA is to indemnify each member of its General Partner.

56. Defense of this lawsuit, including reasonable attorneys' fees and judgment or settlement which may be obtained in this lawsuit against Bernard Fuchs should be indemnified by PPVA.

57. PPVA is contractually bound to indemnify Bernard Fuchs.

Cross-Claims

58. Bernard Fuchs was one of the early investors in Platinum Partners Value Arbitrage Fund (USA) LP beginning 2006 when he sold his electronics business.

59. The word "USA" appears on Fuchs' monthly statements, but upon information and belief, Fuchs was an investor in Plaintiff PPVA.

60. After Fuchs sold his electronic business most of the proceeds from that sale were invested in PPVA.

61. Since the fruit of his many years of his labor were now invested with PPVA, he became a frequent fixture at Platinum's Manhattan office.

62. From 2008 till June 1, 2014, Fuchs was a mere investor in PPVA, albeit one the largest.

63. He exercised no control over PPVA – legal or otherwise.

64. On or about June 1, 2014, defendants Huberfeld and Nordlicht asked Fuchs if he wanted to be a member of co-defendant Platinum Management (NY) LLC ("Management").

65. No documents were signed to memorialize this appointment as a member.

66. As far Fuchs understood this membership in Management ended on December 31, 2015.

67. Immediately after Fuchs became a member of Management, he was informed that members of Management would no longer be able to take any distributions from PPVA.

68. Upon information and belief, his appointment as a member of Management was nothing but a ruse to discourage one of PPVA's largest investors from pushing forward to redeem his investments.

69. During Fuchs' tenure as a member of Management he had no duties nor did he have access to financial data of either PPVA or Management.

70. Fuchs was not paid anything on account of him being a member of Management.

71. The other Platinum Defendants utilized a classic "rope the dope" scheme to convince Fuchs to become a member of Management in order to lull him into a false sense of security that his large investment was still secure.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST THE PLATINUM DEFENDANTS OTHER THAN FUCHS

72. Fuchs repeats and realleges Plaintiff's allegations 1-762 as if fully set forth herein except as to the parts of said allegations which pertain to Fuchs.

73. The other Platinum Defendants who comprised most of the members of Management actually oversaw the management, operation, valuation, and administration of

PPVA and its affiliates owed Fuchs a fiduciary duty since he was a member of Management and a member of PPVA.

74. Fuchs repeats and realleges Plaintiff's allegations 764-773 as if fully set forth except as to the parts of said allegations which pertain to Fuchs.

75. The other Platinum Defendants breached their fiduciary to Fuchs and are liable to him for an amount to be determined at trial.

AS AND FOR A SECOND CROSS-CLAIM AGAINST<br>THE PLATINUM DEFENDANTS OTHER THAN FUCHS

76. Fuchs repeats and realleges Plaintiff's allegations 1-781 as if fully set forth herein except as to the parts of said allegations which pertain to Fuchs.

77. The other Platinum Defendants engaged in a long-running system of self-dealing by acting knowingly, deceitfully, intentionally, and by reason of the foregoing are liable to Fuchs for an amount to be determined at trial.

AS AND FOR A THIRD CROSS-CLAIM AGAINST<br>THE PLATINUM DEFENDANTS OTHER THAN FUCHS

78. Fuchs repeats and realleges Plaintiff's allegations 1-791 as if fully set forth herein except as to the parts of said allegations which pertain to Fuchs.

79. By reason of the foregoing Fuchs was primarily injured by being named as a defendant while the other Platinum Defendants knew he was a mere showpiece or trophy used by the other Platinum Defendants to prop up their failing business by informing their investors that Fuchs was a member of Management when in fact he had no authority whatsoever.

80. The other Platinum Defendants conspired to defraud and injure Fuchs by participating in the Black Elk scheme as mentioned above by reference.

81.     By reason of the foregoing, Bernard Fuchs is entitled to a judgment against the other Platinum Defendants for compensatory damages in an amount to be determined at trial, together with interest.

AS AND FOR A FOURTH  CROSS-CLAIM AGAINST
THE PLATINUM DEFENDANTS OTHER THAN FUCHS
AND THE BEACHWOOD DEFENDANTS

82.     Fuchs repeats and realleges Plaintiff's allegations 846-857 as if fully set forth herein except as to the parts of said allegations which pertain to Fuchs.

83.     The Beechwood Defendants and the Platinum Defendants other than Fuchs breached their fiduciary duties to Fuchs as a member of Platinum Management (NY), LLC and PPVA by participating in the Black Elk Scheme to the detriment of Bernard Fuchs.

84.     By reason of the foregoing, Bernard Fuchs is entitled to a judgment against the Beechwood Defendants in the other Platinum Defendants for compensatory damages in an amount to be determined at trial, together with interest.

AS AND FOR A FIFTH CROSS-CLAIM AGAINST
THE PLATINUM DEFENDANTS OTHER THAN FUCHS
AND THE BEACHWOOD DEFENDANTS
MICHAEL KATZ AND KEVIN CASSIDY

85.     Fuchs repeats and realleges Plaintiff's allegations 846-925 as if fully set forth herein except as to the parts of said allegations which pertain to Fuchs.

86.     The Beechwood Defendants, Michael Katz, Kevin Cassidy and the Platinum Defendants other than Fuchs breached their fiduciary duties to Fuchs as a member of Platinum Management (NY), LLC and PPVA by participating in the Agera Energy scheme to the detriment of Bernard Fuchs.

87. Both Kevin Cassidy and Michael Katz had direct knowledge that the Platinum Defendants were breaching their fiduciary obligation to PP VA by engaging in the Agera transaction.

88. By reason of the foregoing, Bernard Fuchs is entitled to a judgment against the Beechwood Defendants in the other Platinum Defendants for compensatory damages in an amount to be determined at trial, together with interest.

## AS AND FOR A SIXTH CROSS-CLAIM AGAINST THE HUBERFELD FOUNDATION AND MURRAY HUBERFELD

89. Fuchs repeats and realleges Plaintiff's allegations 1-1041 as if fully set forth herein except as to the parts of said allegations which pertain to Fuchs.

90. That Murray Huberfeld formed his foundation for the corrupt and wrongful purpose of acting as a clearinghouse for assets acquired by Murray Huberfeld and his family members as well as some of the other codefendants from the Platinum related matters.

91. Murray Huberfeld had overlapping ownership and control of all the Platinum entities and despite the fact that he had no official title within these entities he actually control PPVA and Platinum Management.

92. The Murray Huberfeld Foundation was created to assist Murray Huberfeld in control of the Platinum entities.

93. The Murray Huberfeld Foundation is the alter ego of Murray Huberfeld by such both are liable directly to Bernard Fuchs for the losses referred to in this cross-claim.

**Wherefore**, defendant Bernard Fuchs prays for dismissal of the plaintiff's action, and for judgment on the counterclaim for indemnification, and judgment against the codefendants as mentioned in the cost claims above, and for other relief as this court may deem just.

Dated: April 22, 2019

>s/ Alexander Novak
>Alexander Novak GAN 1239
>Novak Juhase & Stern LLP
>483 Chestnut Street
>Cedarhurst NY 11516
>*Attorneys for Defendant*
>*Bernard Fuchs.*
>**Email:** Novak@njslaw.com