```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re PLATINUM-BEECHWOOD LITIGATION  :    18-cv-6658 (JSR)
------------------------------------- x
MELANIE L. CYGANOWSKI et al.,        :
                                     :    18-cv-12018 (JSR)
        Plaintiffs,                  :
                                     :    MEMORANDUM ORDER
        -v-                          :
                                     :
BEECHWOOD RE LTD. et al.,            :
                                     :
        Defendants.                  :
------------------------------------- :
WASHINGTON NATIONAL INSURANCE        x
COMPANY and BANKERS CONSECO LIFE     :
INSURANCE COMPANY,                   :
                                     :
        Cross-Claim Plaintiffs,      :
                                     :
        -v-                          :
                                     :
BEECHWOOD RE LTD. et al.,            :
                                     :
        Cross-Claim Defendants.      :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/19

JED S. RAKOFF, U.S.D.J.

The instant motion arises out of cross-claims filed by defendants Bankers Conseco Life Insurance Company ("BCLIC") and Washington National Insurance Company ("WNIC") against defendant Beechwood Re Ltd. ("Beechwood"). BCLIC and WNIC ask this Court to order Beechwood to post $250 million in security under New York and Indiana security statutes, or to strike Beechwood's pleadings and enter default judgment against it. Because the parties dispute whether BCLIC and WNIC's motion is precluded by prior orders in a pending arbitration between them, and because

the Court concludes that the arbitration panel must resolve this dispute in the first instance, the motion is denied.

## Background

Much of the background to this case has been set forth in various Opinions and Orders of this Court, familiarity with which is here assumed. As relevant here, BCLIC and WNIC are insurance companies that invested nearly $600 million with Beechwood pursuant to Reinsurance Agreements signed in February 2014. See Answer, Cross-Claims and Third-Party Complaint of Bankers Conseco Life Insurance Company and Washington National Insurance Company ¶¶ 478-80, 593-94 ("TPC"), ECF No. 75. Each of the Reinsurance Agreements contains a broad arbitration clause providing for arbitration of "all disputes or differences between the Parties arising under or relating to" the Reinsurance Agreements. ECF No. 308-1, at 24, 55.

On September 29, 2016, BCLIC and WNIC terminated the Reinsurance Agreements with Beechwood, id. at 63, and on the same day, BCLIC and WNIC demanded arbitration against Beechwood in connection with "Beechwood's incurable material breaches of the Reinsurance Agreements, and breaches of fiduciary duties and the obligation to deal honestly and in good faith, and conversion and fraud," id. at 121. The arbitration between the parties, which is pending, is captioned Bankers Conseco Life

2

<u>Insurance Company and Washington National Insurance Company v. Beechwood Re Limited et al.</u>, AAA Case No. 01-16-0004-02510.

On July 28, 2017, BCLIC and WNIC filed a "Motion for Interim Security" in the arbitration, in which they argued that Beechwood was required to post $137 million to secure any arbitral award. ECF No. 308, Ex. 8, at 2. BCLIC and WNIC argued, inter alia, that this security was required by New York and Indiana statutes that prevent unauthorized foreign insurers like Beechwood from filing any pleading in an action against them unless they (1) become licensed insurers or (2) post sufficient security to cover any judgment. <u>See</u> N.Y. Ins. Law § 1213(c); Ind. Code Ann. § 27-4-4-4(a). Unless Beechwood satisfied one of these requirements, BCLIC and WNIC argued, its pleadings should be stricken, and default judgment should be entered against it.

On October 23, 2017, the panel issued an order requiring Beechwood to post $5 million in security. ECF No. 121, Ex. 1. The panel issued this order after "consider[ing] [BCLIC and WNIC's] Motion For Interim Security, Beechwood's Response to [BCLIC and WNIC's] Motion For Interim Security, [BCLIC and WNIC's] Reply Brief In Further Support of Their Motion For Interim Security, numerous exhibits, declarations and authorities supporting the Parties' briefs." <u>Id.</u> at 1. The panel explained that it "remain[ed] willing to enter a default

judgment in the event that its Orders for interim security [we]re not met," but that it "believe[d] that justice [wa]s not best-served in this matter by striking Beechwood's [pleadings] and proceeding to a default judgment and hearing on damages." Id. at 2. Finally, the panel noted that it would "monitor the expenditure of attorneys' fees and costs in this matter as well as the ongoing financial condition of Beechwood, . . . and adjust or increase any interim security as appropriate throughout the pendency of this proceeding." Id. at 3.

On December 19, 2018, plaintiff Melanie L. Cyganowski commenced an action against numerous defendants – including BCLIC, WNIC, and Beechwood – on behalf of various funds that were managed by Platinum Partners. ECF No. 1. On January 22, 2019, BCLIC, WNIC, and Beechwood requested that the panel stay their arbitration pending final disposition of the Cyganowski action, as well as of the related SHIP and Trott actions currently before this Court. ECF No. 121, Ex. 2. In an order dated January 23, 2019, the panel stayed the arbitration, and it ordered Beechwood to "immediately post the $5 million Letter of Credit ('LOC')" that the panel had previously required as security. Id. at 1. The panel also stated that it would "retain jurisdiction with respect to any issues concerning the LOC." Id. BCLIC and WNIC subsequently filed an unopposed motion for this

4

Court to confirm the panel's January 23, 2019 order and its October 23, 2017 order, ECF No. 120, and this Court confirmed both orders on April 24, 2019, ECF No. 124.

On March 27, 2019, BCLIC and WNIC filed an answer in the Cyganowski action, along with cross-claims and third-party claims against a host of entities and individuals. See TPC. As relevant here, BCLIC and WNIC brought cross-claims against Beechwood, including a claim for $180 million in damages based on Beechwood's alleged breaches of the Reinsurance Agreements, id. ¶¶ 861-65, and a claim for $70 million in contribution and indemnity based on BCLIC and WNIC's potential liability to the Cyganowski plaintiffs, id. ¶¶ 919-22.

Beechwood – which is currently in liquidation – has moved for partial dismissal of BCLIC and WNIC's cross-claims, and it has also moved to compel arbitration. ECF No. 209. The Court is currently scheduled to hear argument on those motions on August 12, 2019. ECF No. 315. In the meantime, however, BCLIC and WNIC have filed another motion – now before the Court - to enforce the New York and Indiana security statutes mentioned above. ECF No. 244. Under these statutes, BCLIC and WNIC argue, Beechwood cannot file its partial motion to dismiss or its motion to compel arbitration without posting $250 million in security, an amount equal to the $180 million that BCLIC and WNIC seek in

5

breach of contract damages and the $70 million that they seek in contribution and indemnity. If Beechwood fails to post this security, BCLIC and WNIC argue, then its pleadings should be stricken, and default judgment should be entered against it.

Beechwood opposes BCLIC and WNIC's motion on several grounds. See Beechwood Re's Response to CNO's Motion to Enforce State Security Statutes ("Beechwood Opp."), ECF No. 306. As a threshold matter, Beechwood argues, the New York and Indiana security statutes do not apply to insurers like Beechwood that are in pending liquidation proceedings. Id. at 24-25. Even if the statutes did apply, Beechwood continues, BCLIC and WNIC's motion would be precluded by the arbitration panel's prior orders requiring security, which were reduced to judgment when this Court confirmed them on April 24. Id. at 11-16. And finally, Beechwood concludes, to the extent that the Court reaches the merits of BCLIC and WNIC's motion, the Court should hold that Beechwood has satisfied any obligations that it has under the New York and Indiana security statutes. Id. at 16-24.

Alongside Beechwood, the plaintiffs in the Cyganowski and Trott actions have filed a joint opposition to BCLIC and WNIC's motion. See Joint Opposition to Bankers Conseco Life Insurance Company and Washington National Insurance Company's Motion to Enforce State Security Statutes ("Pls. Opp."), ECF No. 297. The

Cyganowski and Trott plaintiffs argue that BCLIC and WNIC's motion is an impermissible attempt to place themselves ahead of Beechwood's other judgment creditors. Id. at 2. Accordingly, the Cyganowski and Trott plaintiffs suggest, BCLIC and WNIC's motion should be resolved in Beechwood's Chapter 15 proceeding. Id.

## Analysis

I. **Whether the Security Statutes Apply to Insurers in Pending Liquidation Proceedings**

The Court begins by addressing the threshold question of whether the New York and Indiana security statutes apply at all, given that Beechwood is currently in liquidation. Under section 1213(c)(1) of the New York Insurance Law:

> Before any unauthorized foreign or alien insurer files any pleading in any proceeding against it, it shall either:
>
> (A) deposit with the clerk of the court in which the proceeding is pending, cash or securities or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure payment of any final judgment which may be rendered in the proceeding, but the court may in its discretion make an order dispensing with such deposit or bond if the superintendent certifies to it that such insurer maintains within this state funds or securities in trust or otherwise sufficient and available to satisfy any final judgment which may be entered in the proceeding, or
>
> (B) procure a license to do an insurance business in this state.

Likewise, section 27-4-4-4(a) of the Indiana Code provides that:

> Before any unauthorized foreign or alien insurer shall file or cause to be filed any pleading in any action, suit, or proceeding instituted against it, such unauthorized insurer shall:
>
> (1) deposit, with the clerk of the court in which such action, suit, or proceeding is pending, cash or securities, or file with such clerk a bond with good and sufficient sureties, to be approved by the court, in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action; or
>
> (2) procure a certificate of authority to transact the business of insurance in this state.

There is no dispute that these statutes apply to reinsurers like Beechwood. There is also no dispute that "pleadings" under the statutes include motions to dismiss and motions to compel arbitration. And there is no dispute that failure to comply with the statutes' requirements may result in stricken pleadings and the entry of default judgment.

Instead, Beechwood and the Cyganowski and Trott plaintiffs argue that the security statutes should not apply because Beechwood is currently in liquidation. See Beechwood Opp. 24-25; Pls. Opp. 2-3. Here, Beechwood and the Cyganowski and Trott plaintiffs cite a bankruptcy decision, In re Laitasalo, 193 B.R. 187 (Bankr. S.D.N.Y. 1996), in which the court held that a group of foreign bankrupt insurance companies was not required to post

security to defend against the claim of a state insurance commissioner. Id. at 194. The court explained that the "security would transform [the commissioner's] unsecured claim into a secured claim to the detriment of the other U.S. creditors who are solvent or insolvent insurance companies." Id.[1] Such a result, the court held, would be "philosophically inconsistent with New York Insurance Law." Id.

Like the commissioner in Laitasalo, Beechwood argues, BCLIC and WNIC are trying "to effectively advance [their] interests and claims – all to the detriment of all other creditors of Beechwood's estate." Beechwood Opp. 25. The Cyganowski and Trott plaintiffs make a similar point, arguing that "BCLIC/WNIC's request . . . is nothing more than an improper attempt by BCLIC/WNIC to place themselves at the front of the line of potential judgment creditors of Beechwood." Pls. Opp. 2. The Cyganowski and Trott plaintiffs also cite Laitasalo, and they argue that the Court should deny BCLIC and WNIC's motion or grant it "with a proviso that any funds ordered to be held as security be held in an escrow or similar fund which may only be

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

9

released upon further order of this Court, following notice to all parties and an opportunity to be heard." Id. at 4-5.

Although the Court is sympathetic to the equitable concerns raised by Beechwood and the Cyganowski and Trott plaintiffs, it is unable to square these concerns with the plain text of the New York and Indiana security statutes. To the extent that Laitasalo decided to read an equitable exception into state security statutes, that decision is not binding on this Court. Moreover, as BCLIC and WNIC note, the Bankruptcy Code specifically provides that a "court may not grant relief under [Chapter 15] with respect to any deposit, escrow, trust fund, <u>or other security required or permitted under any applicable State insurance law or regulation</u> for the benefit of claim holders in the United States." 11 U.S.C. § 1501(d) (emphasis added); see Third-Party and Cross-Claim Plaintiffs Bankers Conseco Life Insurance Company's and Washington National Insurance Company's Memorandum of Law in Further Support of Motion to Enforce State Security Statutes 7 ("Reply"), ECF No. 326. Accordingly, the Court holds that the security statutes apply, notwithstanding Beechwood's pending liquidation proceedings.[2]

---

[2] The Court is also unpersuaded by the Cyganowski and Trott plaintiffs' argument that the New York security statute "is wholly inapplicable to the types of claims at issue in this consolidated litigation." Pls. Opp. 4.

## II. Whether the Arbitration Panel Must Decide If BCLIC and WNIC's Motion Is Precluded

Even if the security statutes apply to insurers in liquidation, Beechwood argues that BCLIC and WNIC's motion is precluded by the arbitration panel's prior orders requiring security, which were reduced to judgment when this Court confirmed them. Beechwood Opp. 11-16. At a minimum, Beechwood contends, the preclusion issue must be decided by the panel in the first instance. Id. at 10-11.

As noted above, the Reinsurance Agreements contain broad arbitration clauses providing for arbitration of "all disputes or differences between the Parties arising under or relating to" the Reinsurance Agreements. ECF No. 308-1, at 24, 55. The Second Circuit has previously held that such language "is sufficiently broad to encompass disputes about what was decided in a prior arbitration." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp., 88 F.3d 129, 136 (2d Cir. 1996). More specifically, the Second Circuit has held that "the claim-preclusive effect of a prior federal judgment confirming an arbitration award is to be left to the arbitrators." Citigroup, Inc. v. Abu Dhabi Inv. Auth., 776 F.3d 126, 131 (2d Cir. 2015).

Given these decisions, the Court holds that the arbitration panel must decide in the first instance whether its prior orders

– which were confirmed by this Court on April 24 – preclude BCLIC and WNIC from bringing the instant motion. BCLIC and WNIC resist this conclusion by arguing that the arbitration panel already considered and rejected Beechwood's preclusion arguments in an emergency hearing held on April 5, 2019.[3] See ECF No. 327, Ex. C. After reviewing the transcript of the hearing, however, the Court is unconvinced that the panel addressed the preclusion issue. Moreover, the hearing occurred before this Court confirmed the panel's prior orders, and the panel therefore did not have an opportunity to address the preclusive effect of the Court's judgment.

If the panel concludes that BCLIC and WNIC are not precluded from bringing the instant motion, then the parties may return to this Court for further proceedings on the matter. Until that time, however, the Court will not stay consideration of Beechwood's pending motions.

## Conclusion

In sum, the Court holds that the New York and Indiana security statutes apply to Beechwood, notwithstanding

---

[3] BCLIC and WNIC also argue that Belco is distinguishable because it "involved successive arbitrations between the same parties." Reply 3 n.4. BCLIC and WNIC do not explain the legal significance of this distinction, however, and they do not address Citigroup at all, even though Citigroup is directly applicable to the instant case.

12

Beechwood's pending liquidation proceedings. However, because the arbitration panel must decide in the first instance whether BCLIC and WNIC are precluded from bringing the instant motion, the motion in its present posture is hereby denied.

The Clerk is directed to close the entry at docket number 244.

SO ORDERED.

Dated: New York, NY
July 10, 2019

_____
JED S. RAKOFF, U.S.D.J.