```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re PLATINUM-BEECHWOOD LITIGATION :    18-cv-6658 (JSR)
------------------------------------ x
DAVID LEVY,                          :
                                     :
            Plaintiff,               :
                                     :
            -v-                      :    19-cv-3211 (JSR)
                                     :
SENIOR HEALTH INSURANCE COMPANY OF   :
PENNSYLVANIA,                        :
                                     :    MEMORANDUM ORDER
            Defendant.               :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

The relevant background to this Memorandum Order has been set forth in various prior Opinions and Orders of the Court, familiarity with which is here assumed. See In re Platinum-Beechwood Litig., 378 F. Supp. 3d 318, 321 (S.D.N.Y. 2019); In re Platinum-Beechwood Litig., No. 18-cv-6658 (JSR), 2019 WL 2911934, at *1 (S.D.N.Y. July 8, 2019); In re Platinum-Beechwood Litig., No. 18-cv-6658 (JSR), 2019 WL 3759171, at *1 (S.D.N.Y. July 22, 2019); In re Platinum-Beechwood Litig., No. 18-cv-6658 (JSR), 2019 WL 4400324, at *1 (S.D.N.Y. Aug. 6, 2019); In re Platinum-Beechwood Litig., No. 18-cv-6658 (JSR), 2019 WL 4411886, at *3-5 (S.D.N.Y. Aug. 20, 2019) ("August 20 Order"); ECF No. 75 ("September 6 Order"); ECF No. 85 ("October 19 Order").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/19

As relevant here, on September 27, 2019, Judge Brian M. Cogan of the U.S. District Court for the Eastern District of New York granted plaintiff David Levy's Rule 29 motion for a judgment of acquittal in <u>United States v. Nordlicht et al.</u>, 16-cr-640 (BMC) (E.D.N.Y.) (the "criminal action"), after a jury had convicted Levy on July 9, 2019 of three counts related to the "Black Elk" scheme. In light of this acquittal, Levy, on October 2, 2019, moved this Court for the following relief: (1) that the Court vacate the August 20 Order, which, based on Levy's conviction, stayed a preliminary injunction directing defendant Senior Health Insurance Company of Pennsylvania ("SHIP") to advance certain payments to Levy pending appeal of various Orders related to the preliminary injunction; (2) that the Court vacate the September 6 Order, which, based on Levy's conviction, granted SHIP's motion for summary judgment in the instant action and dismissed Levy's complaint; (3) that the Court reinstate Levy's complaint; and (4) that the Court direct SHIP to immediately advance Levy for expenses and fees in the amount of $708,784.77. ECF No. 79; <u>see also</u> ECF No. 80, at 5. In its October 19 Order, the Court held that it would defer ruling on Levy's October 2 motion until the U.S. Court of Appeals for the Second Circuit decides the Government's appeal of Judge Cogan's judgment acquitting Levy in the criminal action.

2

Levy has now moved this Court for reconsideration of its October 19 Order. ECF No. 86. The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).[1] This standard is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Levy's instant motion fails to meet the strict standard for reconsideration. Levy's main argument is that his advancement rights are not extinguished until a court of proper jurisdiction makes the ultimate determination that indemnification is not permitted, and the only ultimate determination that exists at this point is Judge Cogan's acquittal of Levy on all counts relating to the Black Elk scheme. Memorandum of Law in Support

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

of Plaintiff David Levy's Motion for Reconsideration of the
Court's October 19, 2019 Memorandum Order Regarding Post-
Acquittal Relief, ECF No. 87, at 2-3. And, Levy stresses the
fact that the sole basis for the Court's earlier determination
that Levy's advancement rights were extinguished - the jury
verdict - has now been set aside. Reply Memorandum of Law in
Further Support of Plaintiff David Levy's Motion for
Reconsideration of the Court's October 19, 2019 Memorandum Order
Regarding Post-Acquittal Relief, ECF No. 89, at 2-3.

Not only did the Court fully consider this line of
reasoning in its October 19 Order, but also it disagreed, and
disagrees here again, with Levy. The ultimate determination
regarding Levy's indemnification rights at the moment is this
Court's August 20 Order, not Judge Cogan's acquittal of Levy.
Obviously, Judge Cogan's acquittal raises the issue of whether
the August 20 Order should be vacated. And the Court's October
19 Order precisely addressed that issue:

> The fact that Judge Cogan held that the Government failed
> to prove beyond a reasonable doubt that Levy had criminal
> intent may be compatible with a finding that, by
> preponderance of evidence, Levy's conduct constituted
> fraud, gross negligence or willful misconduct, just as
> much as it may be compatible with a finding that there is
> reasonable cause to believe that Levy's conduct is
> unlawful.

October 19 Order 5. In other words, if the Court decides to rule on Levy's October 2 motion now, that does not mean the Court would automatically grant the four categories of relief Levy seeks; rather, the Court needs to possibly hold an evidentiary hearing to decide whether Levy's conduct constituted fraud, gross negligence or willful misconduct by preponderance of evidence, which is a lower standard than beyond a reasonable doubt. As stated previously, this involved inquiry would become completely moot if the Second Circuit reverses Judge Cogan's judgment. Consistency and stability considerations, as well as judicial economy, dictate that it is prudent for the Court to wait.

In sum, Levy points to no "intervening change of controlling law," "availability of new evidence," or "need to correct a clear error or prevent manifest injustice" that warrants reconsideration. Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). Accordingly, the Court denies Levy's motion for reconsideration and defers deciding Levy's October 2 motion until the Court of Appeals decides the aforementioned appeal from Judge Cogan's order.

The Clerk of the Court is directed to close the entry with the docket number 86.

SO ORDERED.

Dated:  New York, NY
        November 15, 2019

_____
JED S. RAKOFF, U.S.D.J.