```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re PLATINUM-BEECHWOOD LITIGATION  :    18-cv-6658 (JSR)
------------------------------------- x
MARTIN TROTT and CHRISTOPER SMITH,   :
as Joint Official Liquidators and    :
Foreign Representatives of PLATINUM  :
PARTNERS VALUE ARBITRAGE FUND L.P.   :    18-cv-10936 (JSR)
(in Official Liquidation), and       :
PLATINUM PARTNERS VALUE ARBITRAGE    :    ORDER
FUND L.P. (in Official               :
Liquidation),                        :

        Plaintiffs,                  :

          -v-                        :

PLATINUM MANAGEMENT (NY) LLC, et     :
al.,                                 :

        Defendants.                  :
------------------------------------- x
```



JED S. RAKOFF, U.S.D.J.

During a joint telephone conference on December 11, 2019, non-parties Timothy Bischof and Eric Johnson ("the Witnesses") made an application to quash the non-party subpoenas for their testimony issued by plaintiffs Martin Trott and Christopher Smith as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) ("PPVA"). At the Court's request, the parties submitted letter briefs on the motion, which will be docketed.

Notwithstanding the arguments of their counsel, it is clear to the Court from its familiarity with the case that the Witnesses likely have knowledge relevant to the present action.

This is further confirmed inferentially by the fact that Mr. Johnson has gone to great lengths to avoid being served with the subpoena and has still not been served, while Mr. Bischof was only served on December 9, 2019 after many weeks of likewise avoiding all service attempts.[1] Such conduct by these high ranking officials of the CNO entities is inexplicable except on the likelihood that they have important information that they do not wish to reveal at a deposition. Accordingly, the motion to quash is denied, and the deposition must go forward on a mutually agreeable date on or before December 31, 2019. However, because of the year-end activities in which the deponents would otherwise be engaged, the depositions may be conducted telephonically.

SO ORDERED.

Dated: New York, NY

December 12, 2019

JED S. RAKOFF, U.S.D.J.

---

[1] Mr. Bischof was served in Indiana. Although Mr. Johnson's evasion of service warrants the conclusion that he has been served <u>de facto</u>, such service must be deemed to have occurred in Indiana as well. Therefore, in the normal course, the application to quash would have to be made to the federal court in the District of Indiana. That court then could, in turn, refer the motion to this Court. <u>See</u> Fed. R. Civ. P. 45(f). However, given that all discovery in this case must be completed by December 31, 2019, the parties brought the motion to this Court's attention in order to obtain a swift ruling and appear to have acquiesced in this Court's deciding the motion.

2