UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re PLATINUM-BEECHWOOD LITIGATION  :    18-cv-6658 (JSR)
------------------------------------- x
MARTIN TROTT and CHRISTOPER SMITH,   :
as Joint Official Liquidators and    :
Foreign Representatives of PLATINUM  :
PARTNERS VALUE ARBITRAGE FUND L.P.   :
(in Official Liquidation), and       :
PLATINUM PARTNERS VALUE ARBITRAGE    :    18-cv-10936 (JSR)
FUND L.P. (in Official               :
Liquidation),                        :
                                     :
         Plaintiffs,                 :
                                     :    MEMORANDUM ORDER
         -v-                         :
                                     :
PLATINUM MANAGEMENT (NY) LLC, et     :
al.,                                 :
                                     :
         Defendants.                 :
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/20

JED S. RAKOFF, U.S.D.J.

In their opposition brief to defendant Ezra Beren's motion to dismiss the second amended complaint ("SAC"), plaintiffs Martin Trott and Christopher Smith as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) alleged various facts – regarding Beren's role in the Agera transactions, the Black Elk scheme, the bribery to Norman Searook, etc. – nowhere found in the SAC nor in the exhibits incorporated by reference into the SAC. See Plaintiffs' Memorandum of Law in Opposition to Ezra Beren's Motion to Dismiss, ECF No. 497, at 9-17. Because "[i]t is axiomatic that the Complaint cannot be amended by the briefs

in opposition to a motion to dismiss," Red Fort Capital, Inc. v. Guardhouse Prods, LLC, 397 F. Supp. 3d 456, 476 (S.D.N.Y. 2019),[1] the Court directed plaintiffs' counsel to file "a statement . . . explaining (if they can) why monetary sanctions should not be imposed for this obvious misconduct." Memorandum Order dated December 24, 2019, ECF No. 499, at 3 n.1.

Plaintiffs' counsel submitted a statement as directed. See Plaintiffs' Counsel Statement to Court Regarding Possible Monetary Sanction Related to Opposition to Ezra Beren's Motions to Dismiss, ECF No. 500 ("Statement"). Upon review, the Court finds plaintiffs' counsel's proffered explanations and excuses unpersuasive, for the following reasons:

First, plaintiffs' counsel note that Beren, in his moving brief, (1) made a number of factual denials, (2) invoked the discovery exchanged to date in the case, and (3) implied that there was no evidence supporting certain allegations against Beren, while referencing plaintiffs' continuing obligation to comply with Rule 11. See Statement 2. Therefore, they argue, they had an obligation to respond to Beren's assertions by presenting their supplemental evidence supporting the

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

2

allegations in the SAC. Id. Although it may be true that Beren's counsel violated the rules in these respects, the obvious remedy was for plaintiffs' counsel to note the improper references proffered by Beren's counsel and ask that they be disregarded or stricken. Instead, plaintiffs' counsel took the same improper use of supplemental facts to an extreme, dedicating a majority of their brief to discussing facts not in the SAC. Furthermore, despite his reference to Rule 11, Beren was clearly not making a Rule 11 motion, as should have been apparent to plaintiffs' counsel.

Second, plaintiffs' counsel argue that the supplemental facts here are "nearly identical to the supplemental information that Plaintiffs submitted in response to the prior motions to dismiss." Mem. 3. Specifically, they refer to an example where they submitted a brief with supplemental facts on March 11, 2019. See ECF No. 271. But this was specially allowed in response to the Court's request during an oral argument on motions to dismiss the first amended complaint ("FAC") held on March 7, 2019. See Transcript 3/7/2019, ECF No. 293, at 92-93. Specifically, during the oral argument on that earlier motion, an issue arose as to what it meant for certain allegations against GRD Estates in Paragraphs 163 and 460 of the FAC to be asserted "on information and belief." Id. Here, by contrast, not only had no such issue

3

been raised, but also the new, outside-the-complaint facts asserted by plaintiffs' counsel were submitted for other purposes, and not in response to a request from the Court.[2]

Plaintiffs' counsel also cite another example, in which, in their opposition brief, filed on May 13, 2019, to the motion of Huberfeld Family Foundation ("HFF") to dismiss the SAC, they included supplemental facts to show that Murray Huberfeld controlled HFF and that such dominion was used to commit a fraud. See ECF No. 355. This, however, was itself improper, and the mere fact that the Court did not sua sponte rebuke counsel on that occasion was not an invitation for counsel to continue with such improprieties. Moreover, in ruling on the motion of HFF, the Court did not consider nor rely on those additional facts. See In re Platinum-Beechwood Litig., No. 18-cv-10936 (JSR), 2019 WL 2569653, at *16 (S.D.N.Y. June 21, 2019).

In short, the Court continues to find that plaintiffs' counsel acted in blatant disregard of the Federal Rules of Civil Procedure in dedicating the majority of their brief on a motion

---

[2] It should also be noted that during a joint telephone conference on December 16, 2019, the Court explicitly warned counsel not to attach to their briefs any documents not incorporated by reference into the SAC. Although plaintiffs' counsel technically complied with this order, they violated its spirit by including completely new factual assertions in their opposition brief, although without attachments.

4

addressed to the pleadings to assertions of fact nowhere referenced in the pleadings. Nevertheless, the Court will indulge the possibility that counsel were simply carried away by overzealousness rather than acting in bad faith. Accordingly, no monetary sanctions will be imposed. See Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) ("In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay."). If there are any further violations of the rules, however, the Court will not exercise such forbearances.

SO ORDERED.

Dated: New York, NY
January 7, 2020

JED S. RAKOFF, U.S.D.J.