# EXHIBIT 11

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

**M E M O R A N D U M**                                                                    March 20, 2016

TO:          Suzanne Horowitz, Esq.
             Harvey Werblowsky, Esq.

CC:          David Levy

FROM:        Eliot Lauer
             Gabriel Hertzberg

RE:          Platinum Releases

---

We were engaged as counsel for David Bodner and Murray Huberfeld in connection with their separation from Platinum Management (NY) LLC and its affiliated management companies ("Platinum Management").  Historically, but not in this matter, we have been and continue to be counsel to Platinum Management.  We received conflict waivers from all parties involved.  We write to you in your capacity as counsel to Platinum Management in this matter.

As part of the separation, David and Murray have agreed to forfeit their interests in Platinum Management.  They have also agreed to a two-year "lock up" of their limited partner interests in the funds advised by Platinum Management (the "Platinum Funds").  They have agreed to provide broad general releases of all claims, known and unknown, to Platinum Management, its principals, and to the Platinum Funds.

In return, David and Murray have insisted upon an unsecured right of indemnification from Platinum Management, and a general release from Platinum Management, its principals, and the Platinum Funds that is equal in scope to the one they agreed to give.

BODNER0000011

Memorandum
March 20, 2016
Page 2

Platinum Management has authority to provide a general release to David and Murray on behalf of the Platinum Funds.  The release is appropriate in these circumstances, and is standard practice in fiduciary situations.

It is routine that fiduciaries release or abandon claims on behalf of the entities to whom they owe the duty.  *See* Restatement 2d of Trusts, § 192 (2012) ("The trustee can properly compromise, submit to arbitration or abandon claims affecting the trust property, provided that in so doing he exercises reasonable prudence").  For example, chapter 11 trustees in bankruptcy settle and release claims on behalf of the debtor's estate and its creditors.  Testamentary trustees release claims on behalf of the testamentary estate and its beneficiaries.  Corporate officers release claims on behalf of their corporation and its shareholders.  Likewise, private fund managers in civil litigation release claims on behalf of their funds as a routine matter.  Platinum Management has in several matters provided such a release from the funds when it determined that it was in the best interests of the funds to do so.

The fact that the fiduciary stands to benefit from the release does not disable the fiduciary from providing the release as a matter of law.  Here, to be sure, Platinum Management achieves some benefit from providing the release.  David and Murray's separation from Platinum Management provides economic benefit to the remaining principals, since earnings are divided among fewer partners.  Likewise, the obligation of Platinum Management to provide indemnification to David and Murray is theoretically reduced if hypothetical claims by the Platinum Funds are released.  But, the existence of theoretical benefit to the fiduciary does not mean the fiduciary is incapable of also determining that a release is in the best interests of the party to whom he owes the duty.

BODNER0000012

Memorandum
March 20, 2016
Page 3

       David and Murray, who hold or control nearly $80 million of LP interests in the funds, are agreeing not to redeem their accounts for two years; this benefits all investors by providing stability and liquidity to the fund.  David and Murray are providing an equally broad release to the Platinum Funds as they are receiving in return, and are also releasing Platinum Management, which we understand is entitled to be indemnified by the Platinum Funds.  Moreover, the remaining principals of Platinum Management have determined that a streamlined management company provides increased economic incentives to the remaining management team and that such incentives are in the Platinum Funds' best interests.

       Thus, there is more than sufficient consideration to support the releases.  The request from David and Murray is reasonable and is consistent with standard practice.

24967675

BODNER0000013