# EXHIBIT 36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION | Master Docket No. 1:18-cv-06658-JSR |
| MARTIN TROTT and CHRISTOPER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation), Plaintiffs, -v- PLATINUM MANAGEMENT (NY) LLC, et al., Defendants. | Case No. 1:18-cv-10936-JSR |

**HUBERFELD FAMILY FOUNDATION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

Defendant Huberfeld Family Foundation, Inc. ("HFF"), by its undersigned attorneys, responds and objects as follows to Plaintiffs Martin Trott and Christopher Smith, as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) and Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (together, "Plaintiffs") requests for admission, dated November 30, 2019 (the "Requests").

**Preliminary Statement**

1. The following responses are submitted solely on behalf of HFF and no other party.

**Response:**      HFF lacks sufficient knowledge or information to admit or deny this Request, and states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

101.     Admit that Murray Huberfeld personally solicited investments in the BEOF Funds from potential investors including representatives of Twosons Corporation.

**Response:**      HFF objects to this Request on the basis that it is vague and ambigious, and not reasonably limited in time and/or scope.   Subject to, and without waiving, the foregoing objection, HFF states that Huberfeld contacted certain individuals or entities, including representatives of Twosons Corporation, regarding the opportunity to invest in the BEOF Funds.

102.     Admit that Bernard Fuchs personally solicited investments in the BEOF Funds from potential investors.

**Response:**      HFF lacks sufficient knowledge or information to admit or deny this Request, and states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

103.     Admit that the Huberfeld Family Foundation was credited with an investment of at least $1,000,000 in the BEOF Funds.

**Response:**      Denied, except HFF admits that it made a $1,000,000 investment in the BEOF Funds.

34

104.    Admit that Murray Huberfeld is or was a director and president of the Huberfeld Family Foundation.

**Response:**    HFF objects to the Request on the basis that it is not reasonably limited in time.  Subject to, and without waiving, the foregoing objection, HFF states that Huberfeld is and was one of the directors of the Huberfeld Family Foundation, Inc., and was at certain times the president of the Huberfeld Family Foundation, Inc.

105.    Admit that Murray Huberfeld was a director and president of the Huberfeld Family Foundation throughout 2013 and 2014.

**Response:**    Admitted.

106.    Admit that Murray Huberfeld has ultimate decision making authority over all investments and transactions involving the Huberfeld Family Foundation.

**Response:**    HFF denies the Request, except admits that Huberfeld shares decision making authority over Huberfeld Family Foundation, Inc. activity, including its loans, investments, and charitable donations.

107.    Admit that Murray Huberfeld directed the Huberfeld Family Foundation to make an investment of $1,000,000 in the BEOF Funds.

**Response:**    Denied, except HFF admits that Huberfeld advised the Hubefeld Family Foundation, Inc. to invest $1,000,000 in the BEOF Funds.

108.    Admit that, subsequent to the Renaissance Sale, the Huberfeld Family Foundation received a final capital distribution of at least $1,026,677.00.

**Response:**    Denied, except HFF admits that the Huberfeld Family Foundation, Inc. received a final capital distribution of $1,026,677.

109.    Admit that Bernard Fuchs and entities and foundations created for the benefit of Bernard Fuchs and his family were credited with investments of at least $1,500,000.00 in the BEOF Funds.

**Response:**    HFF lacks sufficient knowledge or information to admit or deny this Request, and states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

110.    Admit that, subsequent to the Renaissance Sale, Bernard Fuchs and entities and foundations created for the benefit of Bernard Fuchs and his family received a final capital distribution in the amount of at least $1,000,000.00.

**Response:**    HFF lacks sufficient knowledge or information to admit or deny this Request, and states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

111.    Admit that David Bodner and entities and foundations created for the benefit of David Bodner and his family were credited with investments in the BEOF Funds.