# EXHIBIT 3

## MARK NORDLICHT GRANTOR TRUST

THIS TRUST AGREEMENT is made as of the 1st day of November, 2008 (the "Effective Date"), between Nordlicht Management LLC (the "Settlor") and Mark Nordlicht, as Trustee (the "Trustee").

### Recitals

The Settlor wishes to provide certain limited liability companies with the economic equivalent of a passive membership interest in Platinum Management (NY) LLC (the "Company"). To help accomplish that objective, the Settlor transfers to the Trustee, and the Trustee acknowledges receipt of, a sixty-five percent (65%) passive membership interest in the Company (the "Membership Interest"), which interest (together with any subsequent additions) shall constitute the principal of the trust. The trust shall be a "Passive Member" (which term, as well as other terms used both herein and in the Amended and Restated Operating Agreement of the Company dated as of November 1, 2008, as the same may be amended from time to time, the "LLC Agreement," shall have the same meaning as when used in the LLC Agreement) of the Company.

The Trustee wishes to grant each of Manor Lane Management LLC ("Manor Lane") and Grosser Lane Management LLC ("Grosser Lane") the economic equivalent of a 24.999% passive membership interest in the Company and wishes to grant to Nordlicht Management III LLC ("Nordlicht III") the economic equivalent of a 15.002% passive membership interest in the Company (each such percentage an "Economically Equivalent Membership Interest" and each such limited liability company a "Beneficiary" or, collectively, the "Beneficiaries"). Notwithstanding anything herein to the contrary, other than the economic

CTRL0726431

interests granted to them herein, the Beneficiaries shall have no control over the underlying assets of the trust and shall have no interest in or control over the Company.

FIRST:

Disposition of Principal and Income

1.1     Upon the trust's receipt of any funds from any Beneficiary for the purpose of responding to a capital call by the Company, the Trustee shall promptly contribute such funds to the Company as capital contributions thereto.

1.2     <u>Distributions</u>

1.2.1     When the Trustee shall receive a distribution from the Company (a "Distribution"), promptly thereafter the Trustee shall distribute 38.45% of such Distribution to each of Manor Lane and Grosser Lane, and 23.10% of such Distribution to Nordlicht III, unless (i) all Beneficiaries agree in writing as to another basis of distributing such Distribution, or (ii) the Affiliated Member (as defined below) of Manor Lane, Grosser Lane or Nordlicht III has died or suffered a Permanent Disability, in which case the basis of distributing such Distribution shall be recalculated in accordance with Section 1.6.2.  Notwithstanding the foregoing provisions of this Section 1.2.1, at any time, or from time to time, when the Trustee shall receive a Distribution on account of a specific Beneficiary's Economically Equivalent Membership Interest (including, without limitation, any Draws and Member Specific Deferred Fee Income), the Trustee shall distribute such Distribution to such Beneficiary.

1.2.2     For purposes of this trust agreement, the "Affiliated Member" of Manor Lane shall be Murray Huberfeld, the "Affiliated Member" of Grosser Lane shall be David Bodner and the "Affiliated Member" of Nordlicht III shall be Mark Nordlicht.

2

CTRL0726431

1.3     Notwithstanding anything herein to the contrary, the Trustee shall vote the trust's Membership Interest and give or withhold the trust's consent to actions of the Company as he determines in his sole and absolute discretion.

1.4     The trust shall terminate upon the sale, merger or dissolution of the Company, at which time the remaining assets of the trust shall be distributed to the Beneficiaries in the percentages then in effect pursuant to Section 1.2.

1.5     Notwithstanding anything herein to the contrary, no Beneficiary may transfer its Economically Equivalent Membership Interest (or any portion thereof) unless the Beneficiary receives the prior written consent of the Trustee and all of the Managers of the Company; provided, that a Beneficiary, in its discretion, may transfer its Economically Equivalent Membership Interest to a member of the immediate family of such Beneficiary's Affiliated Member upon written notice to the Trustee and all of the Managers of the Company.

1.6     Retirement, Permanent Disability or Death.

1.6.1     If the Trustee, in accordance with the LLC Agreement, notifies the Managers and Members of the Company of the trust's intent to retire as a Passive Member of the Company, upon the Retirement Date the trust shall receive its Withdrawal Amount from the Company and the Trustee thereafter shall distribute the Withdrawal Amount to the Beneficiaries in the percentages then in effect pursuant to Section 1.2.

1.6.2     If the Affiliated Member of any of Grosser Lane, Manor Lane or Nordlicht III dies or suffers from a Permanent Disability, the trust shall receive the Withdrawal Amount from the Company that the trust is entitled to receive under the LLC Agreement upon the

3

CTRL0726431

occurrence of such event and the Trustee promptly thereafter shall distribute such Withdrawal Amount to such Affiliated Member's limited liability company.

  1.6.3 Notwithstanding the foregoing provisions of this Section 1.6, after receipt of a Withdrawal Amount, the recipient of such Withdrawal Amount shall remain liable to the trust for its pro rata share of the amount by which the trust's Paid Incentive Fee Share exceeds its Allocable Incentive Fee Share.

SECOND:

Additions to Trust

  The Trustee may, in his absolute discretion, receive, hold, manage and dispose of, as part of the principal of the trust, any additional interest in the Company or cash to be invested by the Trustee in the Company that any Beneficiary or the Settlor may hereafter validly grant, assign, transfer or convey to the Trustee.

THIRD:

Trustees

  3.1 Notwithstanding anything herein to the contrary, neither David Bodner ("David") nor Murray Huberfeld ("Murray"), nor any of their respective spouses, issue, parents or siblings shall be eligible to be Trustees hereunder.

  3.2 If Mark Nordlicht or any other Trustee appointed pursuant to Section 3.2.1 ceases to act as Trustee for any reason:

  3.2.1 David and Murray, or the survivor of them, shall designate an individual as a successor Trustee by a signed, written, duly acknowledged instrument delivered (i) to the individual so designated and (ii) to each Beneficiary.

4

CTRL0726431

3.2.2   If David and Murray are both alive and are unable within thirty (30) days to agree on one (1) individual to designate as the successor Trustee pursuant to Section 3.2.1, David and Murray shall each designate an individual as a successor Trustee by a signed, written, duly acknowledged instrument delivered (i) to the individual so designated and (ii) to each Beneficiary.

3.3   If a Trustee designated by David under Section 3.2.2 ceases to act as Trustee for any reason, David shall designate an individual as such Trustee's successor by a signed, written, duly acknowledged instrument delivered (i) to the individual so designated and (ii) to each Beneficiary.

3.4   If a Trustee designated by Murray under Section 3.2.2 ceases to act as Trustee for any reason, Murray shall designate an individual as such Trustee's successor by a signed, written, duly acknowledged instrument delivered (i) to the individual so designated and (ii) to each Beneficiary.

3.5   Notwithstanding the foregoing provisions of this Article, if at any time no Trustee is acting hereunder, Ari Glass, so long as he is a Manager of the Company, shall appoint one or more individuals or a series of individuals or a corporation with trust powers to act as Trustee hereunder by a signed, written, duly acknowledged instrument delivered (i) to the individual or entity so designated and (ii) to each Beneficiary.

3.6   Any designation of a Trustee hereunder shall take effect when accepted in writing.

3.7   Any individual Trustee, at any time in office, is authorized to resign by an instrument in writing, signed and acknowledged and delivered to (i) the remaining or successor

5

Trustee; (ii) each Beneficiary and (iii) such of David and Murray as are then living, provided, however, that such resignation shall not relieve such resigning Trustee from accounting for his or her proceedings as such. The resignation of any individual Trustee acting alone hereunder shall be effective only upon the appointment and qualification of a successor Trustee.

3.8     No Trustee shall be entitled to receive any commissions or other compensation for acting as a Trustee.

3.9     No bond or other security shall be required of any Trustee named herein or appointed pursuant to the provisions hereof.

3.10    No Trustee, except for gross negligence or bad faith on the part of such Trustee, shall be accountable or liable to any person at any time interested in the trust by reason of any act or omission to act, neglect, misconduct, cause, matter or thing whatsoever done or omitted to be done (i) by such or any other Trustee (including any predecessor of any Trustee) in the administration of the trust, including in making or failing to make any discretionary determination, whether or not such determination shall result in the partial or complete termination of the trust, or (ii) by any individual, bank, business entity or other corporation, partnership or association employed by, or in any way dealing or transacting business for or with, such or any other Trustee if such individual, bank, trust company, business entity or other corporation, partnership or association shall have been selected or dealt with in good faith by such Trustee.

3.11    If a person under a disability is a party to any legal proceeding relating in any manner to any trust created by this agreement, service of process upon the disabled person shall

6

CTRL0726431

not be required if another individual, not under a disability, is a party to the proceeding and has the same interest as the disabled person.

FOURTH:

Trustee's Powers

4.1     Whenever more than one Trustee shall be acting, (1) they may designate either or both of them, severally, to execute all checks and other documents and instruments and (2) either of them may revoke any such designation theretofore made. Any third party may rely upon the continued effectiveness of any such designation until such third party shall have actual notice of the revocation thereof.

4.2     If more than one Trustee is acting, the Trustees may deal with each other, individually or in any other fiduciary capacity, or with any business enterprise or firm in which any of them may have an interest, in the same manner as they may deal with an individual who or a bank that is not one of the Trustees or a business enterprise or firm in which none of the Trustees has an interest and, any of the Trustees, subject to the provisions of Section 3.8, and any such business enterprise or firm may receive reasonable compensation or profit from any such dealing.

4.3     In addition to all powers granted by other provisions of this trust or by law, upon the written consent of all Beneficiaries, the Trustee's powers shall include, without limitation, the following:

4.3.1     Power to effect any transaction concerning or affecting any part of the trust assets or any other property whatsoever, if the Trustee in his absolute discretion considers the transaction is for the benefit of the trust or the Beneficiaries. For purposes of this Section

7

CTRL0726431

4.3.1, "transaction" includes any sale, exchange, assurance, conveyance, mortgage, lease, surrender, re-conveyance, release, reservation or other disposition and any purchase or other acquisition and any covenant, contract, license, option, right of pre-emption and any compromise or partition and any company reconstruction or amalgamation and any other dealing or arrangement and "effect" has the meaning appropriate to the particular transaction and references to property include references to restrictions and burdens affecting property;

4.3.2   Power to receive any property as an addition to the trust, either by inter vivos gift or by will or under the provisions of any other settlement or trust or otherwise and from any person;

4.3.3   Power to borrow money, whether or not on the security of the whole or any part of the principal of the trust, or property comprised therein, with power to charge the principal of the trust or such part or such property with the repayment of any money so borrowed and to pay or apply such money in any manner in which money forming part of the capital of the trust assets may be paid or applied;

4.3.4   Power to lend any part of the principal of the trust to any person, whether or not a Beneficiary, upon such terms (if any) as to security, repayment, rate of interest and otherwise as the Trustee shall in his absolute discretion think fit;

4.3.5   Power at any time and on such terms as the Trustee shall think fit to discharge any debt or other obligation of any Beneficiary (including the debit balance incurred by any Beneficiary in the use of a credit or charge card), and the Trustee in his absolute discretion may determine to exercise this power in advance of or conditionally upon the incurring of any such debt or obligation;

8

4.3.6    Power at any time, or from time to time, and on such terms as the Trustee in his absolute discretion shall think fit, to apply the principal or income of the trust or any part thereof in securing the payment of money owed by any person, whether or not a Beneficiary, or the performance of any obligations of any such person and to give any guarantee or to become security for any such person and, for these purposes, to mortgage or charge any investment or property for the time being forming part of the principal of the trust or to deposit or transfer any such investment or property with or to any person by way of security;

4.3.7    Power to engage or invest in any trade or venture, including farming operations and property development, whether solely or jointly with any other person and to make such arrangements in connection therewith as he in his absolute discretion thinks fit. The Trustee may concur in any agreement as to what proportion of the profit or loss of any joint venture properly accrues to the Trustee and may delegate any exercise of this power to any one or more of their number or to a company or partnership formed for this purpose. Any power vested in the Trustee by this trust agreement shall, where applicable, extend to any arrangements in connection with any such trade or venture and, in particular but without prejudice to the generality of the foregoing, the Trustee's power of borrowing and charging shall extend to any borrowing arrangements made in connection with any such trade or venture, whether made severally or jointly with others or with equal or unequal liability;

4.3.8    Power to invest in start-up and venture capital or other early-stage investments, including, without limiting the generality of the foregoing, in investment management ventures of all kinds;

9

CTRL0726431

4.3.9    Power to make, execute and deliver deeds, assignments, transfers, leases, mortgages, instruments of pledge creating liens, contracts and other instruments, sealed and unsealed;

4.3.10   Power to institute, prosecute and defend any suits or actions or other proceedings affecting the Trustee or the trust and to compromise any matter of difference or to submit such matter to arbitration and to compromise or compound any debt owing to the Trustee or any other claims and to adjust any disputes in relation to debts or claims against him as Trustee upon evidence that to the Trustee shall seem sufficient and to make partition upon such terms (including, if thought fit, the payment or receipt of equality money) as the Trustee in his absolute discretion shall deem desirable with co-owners or joint tenants besides the Trustee having any interest in any property in which the Trustee is interested and to make partition either by sale or by set-off or by agreement or otherwise;

4.3.11   Power to enter into any transaction concerning the trust (a) notwithstanding that one or more of the Trustees may be interested in the transaction other than as a Trustee and (b) without any Trustee who is so interested being liable to account for any reasonable incidental profit, provided that there is at least one Trustee who is not interested in it other than as a Trustee and who approves the transaction.

4.4    The Settlor acknowledges that because, as of the date hereof, there is no public market for the Membership Interest, substantially more risk is involved in dealing with such Membership Interest than in dealing with securities that are widely-held or traded on a stock exchange or recognized over-the-counter market. The Trustee is authorized to continue to hold the Membership Interest and, to the extent permitted by law, the Trustee shall not be accountable

10

CTRL0726431

or liable to any beneficiary at any time interested in the trust if he has acted in good faith in connection with the Membership Interest.

## FIFTH:

### References

If the context shall permit or require, (i) the singular or plural shall be interchangeable with the related plural or singular, (ii) the masculine or feminine shall be interchangeable with the related feminine, masculine or neuter and (iii) the word "including", when used following a statement of general principle, shall not be deemed to limit the generality of such statement.

## SIXTH:

### Power to Amend

The Trustee shall have the power to amend the trust at any time, or from time to time, in any manner (but shall not have the power to create a beneficial interest for himself in excess of the beneficial interest he has as of the date of this agreement, his estate, his creditors or the creditors of his estate) whether or not such amendment shall change, eliminate or add any administrative or substantive provisions of the trust by a written instrument executed by the Trustee and delivered to the Settlor; provided, however, that no such modification (i) shall alter, amend or change a Beneficiary's interest in the trust; (ii) shall permit the trust to last beyond the twenty-first (21st) anniversary of the death of the last survivor of all of the issue of each of Mark Nordlicht, David and Murray who shall have been in being as of the date of this agreement and (iii) shall be effective without the prior written consent of each of the Beneficiaries at such time.

11

CTRL0726431

SEVENTH:

<u>Governing Law</u>

All questions pertaining to the construction, validity and effect of this agreement and the trust created by this agreement shall be determined in accordance with the internal laws of the State of New York.

EIGHTH:

<u>Designation</u>

The trust shall be known as the "Mark Nordlicht Grantor Trust" or such other designation as the Trustee shall specify from time to time.

NINTH:

<u>Acceptance</u>

The Trustee accepts the trust and agrees to execute the trust in accordance with the provisions of this trust agreement.

IN WITNESS WHEREOF, the Settlor and the Trustee have hereto subscribed their names and affixed their seals as of the day and year first above written.

Nordlicht Management LLC, Settlor

By: _____

Mark Nordlicht, Managing Member

_____(L.S.)

Mark Nordlicht, Trustee

12

CTRL0726431

STATE OF NEW YORK    )
                          : ss.:
COUNTY OF NEW YORK  )

        On the 1st day of November, in the year 2008, before me, the undersigned, personally appeared MARK NORDLICHT, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

NAFTALI MANELA
Notary Public, State of New York
No. 01MA6084429
Qualified in Kings County
Commission Expires December 2, 2010

MJAIN\131324.8 - 10/31/08

CTRL0726431