# EXHIBIT 9

EXECUTION VERSION

## RELEASE AGREEMENT
(Platinum, Bodner, Huberfeld, Fuchs, Landesman and the Nordlicht Parties)

**THIS RELEASE AGREEMENT** (this "**Agreement**") is made effective as of this 20th day of March, 2016 (the "**Effective Date**") by and among (i) Platinum Management (NY) LLC, Platinum Credit Management LP, Platinum Liquid Opportunity Management (NY) LLC, and Centurion Credit Management LLC; (ii) Mark Nordlicht ("**Nordlicht**") and Mark Nordlicht, as Trustee of The Mark Nordlicht Grantor Trust, The Mark Nordlicht Grantor Trust I and the Mark Nordlicht Grantor Trust II (collectively, the "**Trusts**" and together with Nordlicht, the "**Nordlicht Parties**"); (iii) Murray Huberfeld ("**Huberfeld**"); (iv) David Bodner ("**Bodner**"); (v) Bernard Fuchs ("**Fuchs**"); and (vi) Uri Landesman ("**Landesman**"). These persons and entities are sometimes referred to herein collectively as the "**Parties**" and each, a "**Party**."

## RECITALS

A. Each of Bodner and Huberfeld, either individually, or through family members or entities controlled by any of them, is an indirect beneficiary of the Trusts (the "**Beneficiary Interests**"), and one or more of the Trusts is an owner of membership interests in Platinum Management (NY) LLC, Platinum Credit Management LP, Platinum Liquid Opportunity Management (NY) LLC and Centurion Structured Growth LLC (collectively, the "**Platinum Management Entities**"), which Platinum Management Entities are responsible for the management of Platinum Partners Value Arbitrage Fund LP, Platinum Partners Credit Opportunities Fund LP, Platinum Liquid Opportunity Fund LP and Centurion Credit Management, LLC (collectively, the "**Platinum Funds**" and collectively with the Platinum Management Entities and their respective affiliates, "**Platinum**").

B. Each of Bodner and Huberfeld, either individually, or through family members or controlled entities, is a beneficial owner of limited partnership interests in one or more of the Platinum Funds (a limited partnership interest in a Platinum Fund held by any person is referred to herein as a "**Funds Interest**").

C. Each of Bodner and Huberfeld is willing to cause the relinquishment of the Beneficiary Interests in the Trusts and the Parties are willing to provide each other mutual releases of claims on the terms and conditions set forth herein.

D. Fuchs is a partner in certain or all of the Platinum Management Entities, and holds a Funds Interest.

E. Landesman is a partner in certain or all of the Platinum Management Entities, and holds a Funds Interest. Landesman wishes to relinquish his interests in the Platinum Management Entities.

**NOW THEREFORE**, in consideration of the terms and conditions contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:



CTRL7991698

EXECUTION VERSION

1. <u>Relinquishment of Beneficiary Interest in the Trusts</u>. Each of Bodner and Huberfeld hereby agrees to cause the relinquishment of the Beneficiary Interests as of the Effective Date. Each of Bodner and Huberfeld agrees to reasonably cooperate with the Nordlicht Parties and to execute any and all other instruments and take all other actions as required to effect such relinquishment.

2. <u>Relinquishment of Member of Platinum</u>. Landesman hereby irrevocably relinquishes any and all of his interests as a member of the Platinum Management Entities as of the Effective Date. Landesman agrees to reasonably cooperate with the Nordlicht Parties and to execute any and all other instruments and take all other actions as required to effect the relinquishment of his status as a beneficiary.

3. <u>Mutual Releases and Indemnification.</u>

(a) <u>By Bodner and Huberfeld</u>. For good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, each of Bodner and Huberfeld, on behalf of himself and his respective successors, assigns, personal representatives and affiliated entities (the "**BH Releasors**"), hereby fully, finally, forever and unconditionally waives, releases, and discharges each of Platinum, the Nordlicht Parties, Fuchs and Landesman and each of their respective predecessors, successors, assignors or assignees, heirs, executors and administrators (as applicable), and any entity controlled by any of them, and with respect to each of the foregoing that is an entity, each of their respective parents and subsidiaries, and each of the respective present and former directors, officers, employees, agents, attorneys, representatives and direct or indirect shareholders of any of them, each in their capacities as such, each of whom is an intended third-party beneficiary of this Section 3, of and from any and all manner of actions, causes of action, suits, obligations, debts, liabilities, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims and demands whatsoever, whether in law or in equity, whether known, unknown, or hereafter becoming known, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, matured or unmatured, whether direct or indirect, individual, class, derivative, representative or other capacity, existing or hereafter arising, in law or in equity or otherwise that have been or could have been or in the future could be or might be asserted (whether directly or derivatively) that are based in whole or in part on any act or omission, transaction, or event in connection in any manner whatsoever with Platinum, from the beginning of the world to the Effective Date; <u>provided, however</u>, that nothing in this release shall constitute a waiver, release or discharge of (i) any Funds Interest or (ii) the BH Releasors' rights under this Agreement.

(b) <u>By Platinum, the Nordlicht Parties, Fuchs and Landesman</u>. For good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, each of Platinum, the Nordlicht Parties, Fuchs, and Landesman, on behalf of himself or itself, and his or its respective successors, assigns, personal representatives and affiliated entities, hereby fully, finally, forever and unconditionally waives, releases, and discharges each of Bodner and Huberfeld and each of their respective predecessors, successors, assignors or assignees, heirs, executors and administrators (as applicable), and any entity controlled by any of them, and with respect to each such entity, each of their respective present and former directors, officers, employees, agents, attorneys, representatives and direct or indirect shareholders, each in their

CTRL7991698

capacities as such (collectively, the "**BH Released Parties**"), each of whom is an intended third-party beneficiary of this Section 3, of and from any and all manner of actions, causes of action, suits, obligations, debts, liabilities, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims and demands whatsoever, whether in law or in equity, whether known, unknown, or hereafter becoming known, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, matured or unmatured, whether direct or indirect, individual, class, derivative, representative or other capacity, existing or hereafter arising, in law or in equity or otherwise that have been or could have been or in the future could be or might be asserted (whether directly or derivatively) that are based in whole or in part on any act or omission, transaction, or event in connection in any manner whatsoever with Platinum, from the beginning of the world to the Effective Date.

(c) The Platinum Management Entities (jointly and severally among each of them), to the fullest extent permitted by applicable law, agrees to indemnify, defend and hold harmless the BH Released Parties from and against any and all losses, liabilities, claims, settlement payments, awards, judgments, fines, penalties, damages (incidental and consequential damages), expenses (including costs of investigation and defense and reasonable attorneys' and other professional advisors' fees) and other charges, whether arising in contract, tort, or any other form of liability, paid, incurred or suffered by the BH Released Parties or any of them (collectively, "**Losses**") arising, directly or indirectly, from, related to or in connection with any alleged acts or omissions by them in relation to Platinum. Losses shall include any and all costs incurred by the BH Released Parties in the negotiation and preparation of this Agreement, and in enforcing the indemnification rights herein. Losses shall not include diminution in value of Bodner's or Huberfeld's Funds Interest. Without limiting the foregoing, to the extent Bodner and/or Huberfeld are named in any Platinum-related action, the Platinum Management Entities shall, at Bodner's and Huberfeld's request, include them in Platinum's defense. Bodner and Huberfeld agree that the foregoing indemnity shall apply only after the proceeds of any Director and Officer insurance policy from the Platinum Management Entities, to the extent readily available for their use, have been extinguished, and such charges to the Platinum Management Entities will be charged only to the direct or indirect beneficial interests therein of the Nordlicht Parties, Fuchs and Landesman (and not charged to any other holders of interests in the Platinum Management Entities). In connection with any proposed settlement of an indemnified claim hereunder, where such claim arises in a civil action for monetary damages, (i) Platinum Management shall have a reasonable opportunity to review (but not control) such settlement prior to its execution; and (ii) they will settle such action if the Platinum Management Entities are willing and able to satisfy the monetary settlement demands made by the claimant(s).

4. Representations, Warranties, Rights and Covenants.

(a) Each of the Nordlicht Parties, Fuchs, Landesman, Bodner and Huberfeld represents and warrants that **Exhibit A** represents a complete and accurate schedule, as of this date, of all limited partnership accounts at Platinum that each of them directly or indirectly controls and/or maintains a beneficial interest in.

(b) Notwithstanding the relinquishment of the Beneficiary Interest, or the relinquishment by Landesman of his direct or indirect interest in the Platinum Management

Entities, each of Bodner, Huberfeld and Landesman shall be entitled to their respective pro rata shares (whether through Beneficiary Interests or direct interests in the Platinum Management Entities), of any fees accrued by the Platinum Management Entities for 2014 and 2015 ("**Accrued Management Fees**") through the Effective Date that are distributed by the Platinum Management Entities to the members thereof on or after the Effective Date; provided that the Platinum Management Entities shall be entitled to utilize such 2015 Accrued Management Fees as they deem appropriate in their sole discretion. The Parties agree that Accrued Management Fees for 2015 shall be distributed by the Platinum Management Entities at such time as they deem appropriate in their sole and absolute discretion.

(c)     Each of the Nordlicht Parties, Fuchs, Landesman, Bodner and Huberfeld agree, on behalf of themselves and on behalf of the entities listed below their name on **Exhibit A**, not to redeem any Funds Interest held by any of the entities listed below their names on **Exhibit A** (or any nominee or transferee thereof), or to withdraw any funds from the Platinum Management Entities, for a period of two (2) years from the Effective Date (the "**Lock Up Period**"), except as set forth herein. The foregoing restriction shall apply to distributions made in respect of partnership interests held by the Platinum Management Entities in any of the Platinum Funds, but shall not apply to (i) payment of salary of up to $1,500,000 per year to Mark Nordlicht and $480,000 per year to Uri Landesman, and (ii) tax distributions equal to the amount of taxes owed by any of the Nordlicht Parties, Fuchs, Bodner and Huberfeld solely with respect to tax liability flowing from such person's ownership interest in the Platinum Management Entities. In addition, each of the Nordlicht Parties, Fuchs, Landesman, Bodner and Huberfeld agrees that, except as set forth in Section 4(e), in the event that any distribution is made in respect of a Funds Interest held by an entity listed below their name on **Exhibit A** (or any nominee or transferee thereof) during the Lock Up Period, a distribution shall also be made in respect of the Funds Interest held by each such other person on a dollar for dollar basis (and all such distributions shall be cut back proportionately with the original distributee in the event there is insufficient available cash). In relation to solely the foregoing sentence, the entities listed below Huberfeld and Bodner's names on **Exhibit A** (or any nominee or transferee thereof) shall be treated as combined entities. This section 4(c) herein shall expire two (2) years from the Effective Date. For the avoidance of doubt all remaining sections of this Agreement shall survive in perpetuity past the Effective Date.

(d)     The lock up provisions in Section 4(c) shall not apply to interests held in Platinum Partners Liquid Opportunities Fund LP.

(e)     Any distribution made pursuant to Section 4(c) shall be made in accordance with the following waterfall: (i) first, to Landesman until he shall receive $6,000,000 of the capital account balances of the entities listed below his name on **Exhibit A** (or any nominee or transferee thereof) and then (ii) second, on a dollar for dollar basis, to each of the entities listed below the names of the Nordlicht Parties, Fuchs, Bodner, Huberfeld and Landesman on **Exhibit A** (or any nominee or transferee thereof).

(f)     Platinum shall provide prior written notice to Bodner and Huberfeld prior to permitting any distributions to the entities listed on **Exhibit A** (or any nominee or transferee thereof).

- 4 -

(g) If Platinum Management and/or the Nordlicht Parties materially breach the lock up provisions set forth in Sections 4(c)-(f), the Lock Up Period shall immediately cease to apply to Bodner and Huberfeld, notwithstanding any and all other rights and remedies the Parties shall have with respect to such breach.

(h) Solely with respect to the entities on Exhibit A containing the name "Beechwood" in their title, the lock up provisions in Section 4(c) shall not apply to those entities to the extent that one or more of them has a bona fide obligation to contribute capital to the insurance trust accounts associated with such entity or entities; provided, however, that this carve out from the lock up shall (i) be limited to apply only to the amount of capital required to satisfy such obligations, and no more; and (ii) only apply where the Party who controls such "Beechwood" titled account has taken all reasonable steps available to satisfy such obligations without causing a redemption on such "Beechwood" titled account.

(i) During the Lock Up Period, Platinum shall not make any charitable contributions without the prior written consent of Bodner and Huberfeld.

(j) Not more frequently than once per quarter, Platinum shall grant each of Bodner and Huberfeld access to the books and records of the Platinum Management Entities (subject to execution of a reasonable confidentiality agreement), upon reasonable prior written request, in order to allow them to determine compliance with the Lock Up Period.

(k) Except as agreed to herein, Bodner and Huberfeld's Funds Interests shall be treated like all other limited partners' Funds Interest, with all rights and obligations attendant thereto.

5. Miscellaneous.

(a) Notices. Any notices or other communications required or permitted hereunder shall be in writing and shall be considered to have been duly given, when received, if delivered by hand, overnight courier, facsimile, and, when deposited, if placed in the mail for delivery by air mail, postage prepaid, addressed to the appropriate party at his or its address provided in writing to the Parties to this Agreement (however, any such notice shall not be effective, if mailed, until three (3) business days after depositing in the mail or when actually received, whichever occurs first):

> If to Platinum, the Nordlicht Parties, Fuchs or Landesman to:
> c/o Suzanne Horowitz
> 250 West 55th Street
> 14th Floor
> New York, New York 10019
> Phone: (212) 582-2222
> Facsimile: (212) 582-2424
> E-Mail: shorowitz@platinumlp.com

> If to Bodner, to:

y

EXECUTION VERSION

David Bodner
16 Grosser Lane
Monsey, NY 10952
davidbodner18@gmail.com

With a copy to (which shall not constitute notice):

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
35th Floor
New York, NY 10178
Attn: Eliot Lauer, Esq.
elauer@curtis.com

If to Huberfeld, to:

Murray Huberfeld
15 Manor Lane
Lawrence, NY 11559
huberfeld@gmail.com

With a copy to (which shall not constitute notice):

Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
35th Floor
New York, NY 10178
Attn: Eliot Lauer, Esq.
elauer@curtis.com

(b)   **Third Party Beneficiaries**. As set forth in the Release Agreement of even date herewith entered in by and among Marcos Katz ("Katz"), Bodner and Huberfeld, and, for limited purposes, Platinum and the Nordlicht Parties, Katz is an intended third party beneficiary of this Agreement, and has the right to exercise the rights and remedies of Platinum and the Nordlicht Parties to enforce the provisions hereof.

(c)   **Authority**. Each person executing this Agreement represents that he or she has full authority from, and legal power to do so on behalf of, the respective Party, subject to such court approvals as are provided for herein.

(d)   **Succession and Assignment**. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective successors and assigns.

(e)   **Governing Law and Amendments**. This Agreement shall be governed by the laws of the State of New York without regard to its choice of law rules and may not be altered, modified, terminated, or any of its provisions waived except by written agreement signed by the respective counsel for the Parties.

CTRL7991698

(f)     **Consent to Arbitration.** By its execution and delivery of this Agreement, each of the Parties irrevocably and unconditionally agrees that any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, before one (1) arbitrator, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Furthermore, each of the Parties irrevocably and unconditionally agrees that:

- (i) the venue of the arbitration shall be New York City, borough of Manhattan;

- (ii) the arbitration shall be conducted in English; and

- (iii) the American Arbitration Association Rules for Emergency Measures of Protection shall apply to the proceedings.

(g)     **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall constitute an original and when taken together, shall be considered one and the same binding agreement.

(h)     **Acceptance of Facsimile and Email Signatures.** Delivery of an executed signature page of this Agreement by facsimile transmission or email shall be as effective as delivery of a manually executed counterpart hereof.

(i)     **Headings to be Disregarded.** The headings used throughout this Agreement are for the convenience of the reader only; they are not substantive terms of this Agreement and shall be disregarded for all purposes of interpreting, construing and/or enforcing this Agreement.

(j)     **Neutral Interpretation.** The Parties each represent and warrant that they are represented by legal counsel of their choice (if they wish), are fully aware of the terms contained in this Agreement and have voluntarily and without coercion or duress of any kind entered into this Agreement and the documents executed in connection with this Agreement to which they are a party. The Parties negotiated the form and substance of this Agreement and no party to this Agreement, nor any third party, shall be permitted to assert that any provision of this Agreement shall be construed in favor of or against such party to this Agreement as a result of such party(ies) participation in the drafting of this Agreement.

*[Remainder of page intentionally left blank.]*

- 7 -

IN WITNESS WHEREOF, the Parties have executed and deliver this Agreement as of the date first written above.

By: _____
Uri Landesman

_____
Bernard Fuchs

Platinum Credit Management LP

By: _____
Name:
Title:

Platinum Management (NY) LLC

By: _____
Name:
Title:

Platinum Liquid Opportunity Management (NY) LLC

By: _____
Name:
Title:

Mark Nordlicht Grantor Trust

By: _____
Name:
Title:

_____
Mark Nordlicht

_____
Murray Huberfeld

_____
David Bodner

EXECUTION VERSION

IN WITNESS WHEREOF, the Parties have executed and deliver this Agreement as of the date first written above.

_____
Uri Landesman

Platinum Management (NY) LLC

_____
Bernard Fuchs

By: _____
Name:
Title:

Platinum Credit Management LP

Platinum Liquid Opportunity Management (NY) LLC

By: _____
Name:
Title:

By: _____
Name:
Title:

Mark Nordlicht Grantor Trust, Mark Nordlicht Grantor Trust I and Mark Nordlicht Grantor Trust II

By:
Name:
Title:

_____
Murray Huberfeld

_____
Mark Nordlicht

_____
David Bodner

24958278

EXECUTION VERSION

IN WITNESS WHEREOF, the Parties have executed and deliver this Agreement as of the date first written above.

_____
Uri Landesman

Platinum Management (NY) LLC

By: _____
_____     Name:
Bernard Fuchs                                            Title:

Platinum Credit Management LP          Platinum Liquid Opportunity Management (NY) LLC

By: _____     By: _____
Name:                                                   Name:
Title:                                                  Title:

Mark Nordlicht Grantor Trust, Mark Nordlicht Grantor Trust I and Mark Nordlicht Grantor Trust II

By: _____
Name:                                                   _____
Title:                                                  Mark Nordlicht

                                                        *[signature]*
_____                          _____
Murray Huberfeld                                        David Bodner

24958278

- 8 -

CTRL7991698

# Exhibit A

CTRL7991698

PPVA

| Account Name | Related Contact |
|---|---|
| BERNARD FUCHS | |
| Bernard Fuchs | Bernard Fuchs |
| Bernard Fuchs 2007 Grandchildren Trust #1 | Bernard Fuchs |
| Bernard Fuchs 2007 Grandchildren Trust #2 | Bernard Fuchs |
| Bernard Fuchs 2009 Grandchildren Trust | Bernard Fuchs |
| Bernard Fuchs Holdings LLC a/c 2 | Bernard Fuchs |
| Bernard Fuchs Holdings, LLC | Bernard Fuchs |
| Gerald Fuchs | Bernard Fuchs |
| Hannah Fuchs | Bernard Fuchs |
| Shmuel and Serena Fuchs Foundation | Bernard Fuchs |
| Huang Min-Chung | Bernard Fuchs |
| David Bodner | |
| Aaron Bodner | David Bodner |
| Beechwood Re Investments LLC- Series E (GSR) | David Bodner |
| Beechwood Re Investments LLC- Series E (MNSY) | David Bodner |
| Beechwood Re Investments LLC- Series E(DNB Family) | David Bodner |
| Bodner Family Foundation, Inc | David Bodner |
| Elizar Bodner | David Bodner |
| Mordechai Bodner | David Bodner |
| Moshe Bodner | David Bodner |
| Rachel Bodner | David Bodner |
| Tzipporah Bodner | David Bodner |
| Yaakov Bodner | David Bodner |
| Yissocher Bodner | David Bodner |
| GP | |
| Platinum Partners Value Arbitrage, LP | GP |
| MARK NORDLICHT | |
| 2005 Deferral | Mark Nordlicht |
| 2006 Deferral | Mark Nordlicht |
| Ava Nordlicht custodian Mark Nordlicht | Mark Nordlicht |
| Beechwood Bermuda International Ltd - Series D | Mark Nordlicht |
| Beechwood Bermuda Investment Holdings - Series D | Mark Nordlicht |
| Beechwood Bermuda Ltd - Series D - DK | Mark Nordlicht |
| Beechwood Bermuda Ltd - Series E - (NII) | Mark Nordlicht |
| Beechwood Re Investments LLC-Series D | Mark Nordlicht |
| Beechwood Re Investments LLC-Series E (NII) | Mark Nordlicht |
| Emma Bailey Nordlicht custodian Mark Nordlicht | Mark Nordlicht |
| Jack Nordlicht custodian Mark Nordlicht | Mark Nordlicht |
| Mark Nordlicht Grantor Trust (NIII) | Mark Nordlicht |
| Noah Morris Nordlicht custocian Mark Nordlicht | Mark Nordlicht |
| Rachel Goldie Nordlicht custodian Mark Nordlicht | Mark Nordlicht |
| Sarah Nordlicht custodian Mark Nordlicht | Mark Nordlicht |
| Value Arb Fund Int'l - Deferred Comp 2008 | Mark Nordlicht |
| MURRAY HUBERFELD | |

| | |
|---|---|
| Alexander J. Huberfeld | Murray Huberfeld |
| Ariella Huberfeld | Murray Huberfeld |
| Beechwood Re Investments LLC-Series E (MNR) | Murray Huberfeld |
| Huberfeld Family Foundation, Inc. | Murray Huberfeld |
| Jessica Huberfeld | Murray Huberfeld |
| Rachel Huberfeld | Murray Huberfeld |
| URI LANDESMAN | |
| Uri D. Landesman | Uri Landesman |

CTRL7991698

## PPCO

| Account Name | Related Contact |
|---|---|
| **BERNARD FUCHS** | |
| Platinum Credit Holdings, LLC - BF | Bernard Fuchs |
| Bernard Fuchs Holdings LLC | Bernard Fuchs |
| Gerald and Aliza Fuchs | Bernard Fuchs |
| Bernard Fuchs 2009 Grandchildren Trust | Bernard Fuchs |
| Bernard Fuchs 2012 Grandchildren's Trust | Bernard Fuchs |
| Bernard Fuchs 2007 Grandchildren Trust # 1 | Bernard Fuchs |
| Bernard Fuchs 2007 Grandchildren Trust # 2 | Bernard Fuchs |
| Huang Min-Chung | Bernard Fuchs |
| **DAVID BODNER** | |
| Platinum Credit Holdings, LLC - DB | David Bodner |
| Aaron Bodner | David Bodner |
| Elazer Bodner | David Bodner |
| Mordechai Bodner | David Bodner |
| Rochel Fromowitz | David Bodner |
| Tzipporah Rottenberg | David Bodner |
| Yaakov Bodner | David Bodner |
| Yissocher Bodner | David Bodner |
| Moshe Bodner | David Bodner |
| **DAVID BODNER/MURRAY HUBERFELD** | |
| Beechwood Re Investments LLC-Series G - WSII | David Bodner/Murray Huberfeld |
| Beechwood Re Investments LLC-Series H - WSIII | David Bodner/Murray Huberfeld |
| Beechwood Re Investments LLC-Series F - WSI | David Bodner/Murray Huberfeld |
| Beechwood Bermuda International Ltd.-WS | David Bodner/Murray Huberfeld |
| **MARK NORDLICHT** | |
| Platinum Credit Holdings, LLC - MN | Mark Nordlicht |
| Beechwood Bermuda International Ltd. DK Series D | Mark Nordlicht |
| Beechwood Re Investments LLC - Series D - DK | Mark Nordlicht |
| **MURRAY HUBERFELD** | |
| Platinum Credit Holdings, LLC - MH | Murray Huberfeld |
| Huberfeld Family Foundation, Inc. | Murray Huberfeld |
| Alexander Joshua Huberfeld | Murray Huberfeld |
| Ariella Danielle Huberfeld | Murray Huberfeld |
| Jessica Gabrielle Huberfeld | Murray Huberfeld |
| Rachel Huberfeld | Murray Huberfeld |
| **URI LANDESMAN** | |
| Platinum Credit Holdings, LLC - UL | Uri Landesman |

CTRL7991698