# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION | Master Docket No. 1:18-cv-06658-JSR |
| MARTIN TROTT and CHRISTOPER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation), | Case No. 1:18-cv-10936-JSR |
| Plaintiffs, | **ANSWER** |
| -v- | |
| PLATINUM MANAGEMENT (NY) LLC, et al., | |
| Defendants. | |

Defendant Murray Huberfeld ("Huberfeld"), by and through his undersigned attorneys, hereby answers the Second Amended Complaint ("SAC") of Plaintiffs Martin Trott and Christopher Smith, as Joint Official Liquidators and Foreign Representatives of Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation) (the "JOLs") and Platinum Partners Value Arbitrage Fund L.P.'s (in Official Liquidation) ("PPVA" and collectively, the "Plaintiffs") as follows:

## DESCRIPTION OF THE CASE

1. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 1, 2, 15, 16, 17, 23, 24, and 32 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

2.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 19, 20, 21, 22, 25, 26, 27, 28, 29, 30, 31, 33, and 35 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

3.    With respect to paragraph 12 of the SAC, Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the SAC, except he admits that: (i) Nordlicht was an officer and managing member of Platinum Management, had ultimate oversight of all trading, asset allocation and risk management activities of PPVA, was responsible for sourcing investment opportunities, marketing, operation and management of PPVA and Platinum Management's business; (ii) Landesman was the President and a member of Platinum Management and served as co-chief investment officer of PPVA; (iii) Huberfeld co-founded and indirectly held a minority beneficial interest in Platinum Management, and occasionally met with investors in PPVA or other Platinum Funds whom he knew socially and professionally, and attorneys for Platinum Management; (iv) Bodner co-founded and indirectly held a minority beneficial interest in Platinum Management, and occasionally met with investors in PPVA or other Platinum Funds, and attorneys for Platinum Management; (v) Fuchs at one point in time had a minority interest in Platinum Management; (vi) Levy was a portfolio manager for PPVA and at some point had the title of co-chief investment officer of PPVA; (vii) Steinberg was a co-chief risk advisor for PPVA; (viii) Small was, on information and belief, a portfolio manager of PPVA; (ix) San Filippo was the Chief Financial Officer for PPVA; (x) Ottensoser was general counsel for PPVA; (xi) Manela was the Chief Operating Officer for PPVA; (xii) Saks was a portfolio manager for PPVA; (xiii) Beren was a portfolio manager for PPVA.

Case 1:18-cv-06658-JSR Document 423-12 Filed 03/13/19 Page 4 of 23

4.     Huberfeld denies the allegations directed to him in paragraph 13 of the SAC, except he admits that he was arrested on or about June 8, 2016 in connection with the proceeding *United States v. Murray Huberfeld*, Case No. 16-CR-467 (AKH), and refers to the document referenced in paragraph 13 of the SAC for its terms and content.

5.     Huberfeld denies the allegations set forth paragraph 14 of the SAC, except he admits that the Federal Bureau of Investigation executed a search warrant on Platinum Management's offices.

6.     Huberfeld admits the allegations set forth in paragraph 18 of the SAC.

7.     Huberfeld denies the allegations set forth in paragraph 34 of the SAC, refers all questions of law to the Court, and refers to the cited documents for their terms and content.

8.     Paragraph 36 of the SAC requires no response.  To the extent a response is required, Huberfeld denies the same.

## PARTIES RELEVANT TO THE JOLS' CLAIMS

9.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 65, 66, 72, 73, 85, 86, 108, 125, 144, 157, 198, 208, 211, 212, 215, 219, 220, and 221 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

10.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 56, 57, 58, 59, 60, 61, 62, 63, 64, 74, 76, 77, 78, 88, 89, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110, 111, 113, 114, 115, 116, 118, 119, 120, 121, 122, 123, 124, 126, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 153, 154, 155, 164, 165, 166, 167, 170, 173, 181, 183, 186, 188, 189, 190, 191, 192,

193, 194, 196, 197, 199, 200, 201, 202, 203, 204, 205, 206, 207, 209, 210, 213, 214, 216, 217, 218, and 222 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

11.    Huberfeld denies the allegations set forth in paragraph 41 of the SAC, except he admits that he co-founded Platinum Management and certain Platinum affiliated funds.

12.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the SAC, except he admits that Defendant David Levy is Huberfeld's nephew.

13.    In response to paragraph 55 of the SAC, Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein, except he admits that Landesman died on September 14, 2018.

14.    In response to paragraph 67 of the SAC, Huberfeld denies the allegations directed to him, except he admits that he resides in Lawrence, New York.

15.    Huberfeld admits the allegations set forth in paragraph 68 of the SAC.

16.    Huberfeld denies the allegations directed to him in paragraph 69 of the SAC, except he admits that he indirectly held a minority beneficial interest in Platinum Management.

17.    Huberfeld denies the allegations set forth in paragraph 70 of the SAC, except he admits that he was indicted in June 2016.

18.    In response to paragraph 71 of the SAC, Huberfeld denies the allegations except he admits that he entered a guilty plea in *United States v. Murray Huberfeld*, Case No. 16-CR-467 (AKH), and refers to Exhibit 1 and other Court records for their terms and content.

19.    Huberfeld denies the allegations set forth in paragraph 75 of the SAC, except he admits that Bodner, Huberfeld and Nordlicht co-founded Platinum Management.

20.     Huberfeld denies the allegations set forth in paragraph 79 of the SAC, except he admits that he and Bodner pled guilty to certain misdemeanors and refers to the Court records for the precise terms and conditions of their sentence.

21.     Huberfeld denies the allegations set forth in paragraph 80 of the SAC, except he admits that he and Bodner settled certain civil litigation in or about 1998 and refers to the relevant Court records for the precise nature of the allegations and resolution of the claims.

22.     Huberfeld denies the allegations set forth in paragraph 81 of the SAC, except he admits that articles have been written about Platinum Management and refers to the same for their precise content.

23.     Huberfeld denies the allegations directed to him in paragraph 82 of the SAC, except he admits that he and Bodner did not have any official title at Platinum Management.

24.     Huberfeld denies the allegations directed to him in paragraph 83 of the SAC, except he admits that occasionally he suggested "investment opportunities" and he occasionally met with investors.

25.     Huberfeld denies the allegations directed at him set forth in paragraph 84 of the SAC, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed at others, except he admits that, on occasion, he met with attorneys and investors.

26.     In response to paragraph 87 of the SAC, Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except he admits that Small was an employee of Platinum Management.

27.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 90 of the SAC, except he admits, upon

information and belief, that San Filippo was the Chief Financial Officer for Platinum Management.

28.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 97 of the SAC, except he admits Ottensoer was general counsel for Platinum Management and PPVA.

29.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 112 of the SAC, except he admits that Defendant Ezra Beren is Huberfeld's son-in-law.

30.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 117 of the SAC, except he admits that Manela is a resident of Brooklyn, New York and a relative of Aaron Elbogen.

31.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 127 of the SAC, except he admits that he knew Michael Katz prior to 2016.

32.     Huberfeld denies the allegations set forth in paragraph 145 of the SAC, except he admits that he was President and a director of the Huberfeld Family Foundation.

33.     Huberfeld denies the allegations set forth in paragraph 146 of the SAC, and refers to Exhibit 103 for its content.

34.     Huberfeld denies the allegations set forth in paragraph 147 of the SAC, except he admits that, on occasion, mail to the Huberfeld Family Foundation was sent to the offices of Platinum Management.

35.     Huberfeld denies the allegations set forth in paragraph 148 of the SAC, except he admits that the Huberfeld Family Foundation at times engaged in certain loan transactions with

investors in PPVA and other Platinum affiliated funds, including Aaron Elbogen, David Levy, and the Shmuel Fuchs Foundation.

36.     Huberfeld denies the allegations set forth in paragraph 149 of the SAC, except he admits that at times the Huberfeld Family Foundation engaged in certain loan transactions with investors in PPVA and other Platinum affiliated funds and refers to the Foundation's publicly filed tax returns for their true content.

37.     Huberfeld denies the allegations set forth in paragraphs 150, 152, 158, 159, 160, 161, 162, and 163 of the SAC.

38.     Huberfeld denies the allegations set forth in paragraph 151 of the SAC, except he admits that the Foundation provided certain loans sourced and managed by Hutton Ventures LLC. Hutton Ventures LLC was not involved in any student loan scam.

39.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 156 of the SAC, and refers to the Huberfeld Family Foundation's publicly filed tax returns for the terms of any loan to Oratz.

40.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 168 of the SAC.

41.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 169 of the SAC, except he admits that Werdiger is a friend and an investor in certain Platinum affiliated funds.

42.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 171 of the SAC, except he admits that Olive Tree Holdings was, at certain times, an investor in certain Platinum affiliated funds and that Avi Schron is an acquaintance of Huberfeld.

43.      Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 172 of the SAC, except he admits that Aaron and Chaya Elbogen are relatives of Manela, friends of Huberfeld and investors in Platinum affiliated funds.

44.      Huberfeld denies the allegations set forth in paragraph 174 of the SAC, except he admits that the Huberfeld Family Foundation engaged in certain loan transactions with the Aaron Elbogen Irrevocable Trust and refers to the Foundation's 2014 Tax Return for its true and complete content.

45.      Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 175 of the SAC, except he admits that Platinum FI Group LLC was, at one time, an investor in Platinum affiliated funds and that Mark (Moshe) Leven is an acquaintance of Huberfeld.

46.      Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 176 of the SAC, except he admits that GRD Estates Ltd. was, at one time, an investor in Platinum affiliated funds and that Gordon Diamond is an acquaintance of Huberfeld.

47.      Huberfeld denies the allegations set forth in paragraphs 177 and 178 of the SAC, except he admits that Gordon Diamond is a friend and refers to the email exchange attached as Exhibits 4 and 5 for their true and complete content.

48.      Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 179 of the SAC, except he admits that Robert Cohen was an acquaintance of Huberfeld.

8

49.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 180 of the SAC.

50.     Huberfeld denies the allegations set forth in paragraph 182 of the SAC, except he admits that the late Marcos Katz was a significant investor in Platinum affiliated funds and that Michael Katz was employed at Platinum Management and directly oversaw Marcos Katz's investment with PPVA.

51.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 184 of the SAC, except he admits that Mind Body & Soul Co. Ltd. invested in certain Platinum affiliated funds, Ezra Erani was an acquaintance of Huberfeld.

52.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 185 of the SAC, except he admits that Aaron Parnes was an investor in certain Platinum affiliated funds.

53.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 187 of the SAC, except he admits that, at one time, Twosons and its principals the Harari family, were investors in Platinum affiliated funds.

54.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 195 of the SAC.

## JURISDICTION AND VENUE

55.     The allegations of paragraphs 223, 224, and 225 of the SAC purport to state conclusions of law to which no response is required.  To the extent a response is required, Huberfeld denies the allegations set forth in paragraphs 223, 224, and 225 of the SAC.

## FACTUAL BACKGROUND

### A.     The PPVA Investment Structure

56.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 226 of the SAC, except he admits that PPVA was formed in 2003.

57.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 227, 228, 229, 230, 231, 232, 233, 234, 235, and 236 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### B.     Platinum Management As General Partner

58.     Huberfeld denies the allegations set forth in paragraph 237 of the SAC, except he admits that Platinum Management is a Delaware limited liability company organized on or about August 22, 2001 and refers to Exhibit 7 for its true and complete terms and content.

59.     Huberfeld denies the allegations set forth in paragraph 238 of the SAC, except he admits that Platinum Management managed several funds including PPVA, PPCO and PPLO.

60.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 239 of the SAC, except he admits that Huberfeld, Nordlicht, and Bodner co-founded Platinum Management, and that he indirectly held a minority beneficial interest in Platinum Management.

61.     Huberfeld denies the allegations set forth in paragraph 240 of the SAC, except he admits, on information and belief, that Landesman and Fuchs were at certain times managers and owned a minority interest in Platinum Management.

62.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 241 of the SAC.

63.     Huberfeld denies the allegations set forth in paragraph 242 of the SAC, except he admits that Platinum Management had an office located at 250 West 55th Street, 14th Floor, New York, NY 10019.

64.     Huberfeld denies the allegations set forth in paragraphs 243, 244, 245, 246, 247 and 248 of the SAC, and refers to the PPVA Partnership Agreement for its complete and accurate terms and conditions, and refers all questions of law to the Court.

65.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 249 and 250 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

C.     **Platinum Defendants' Valuation And Risk Assessment Process And Representations Concerning Investments And NAV**

66.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 257, 259, 261, 262, 263, 265, 266, 268, 269, 270, and 271 of the SAC, and refers to each document referenced therein (if any) for its terms and content, and refers questions of law to the Court.

67.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 251, 252, 253, 254, 255, 256, 258, and 260 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

68. Huberfeld denies the allegations set forth in paragraph 264 of the SAC, and refers to Exhibit 10 for its true and complete content.

69. Huberfeld denies the allegations set forth in paragraph 267 of the SAC, and refers to the September 2015 DDQ for its true and complete content.

**D.    The Collapse And Liquidation Of PPVA**

70. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraph 272 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

71. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 273, 274, 275, 276, 277, 278, 279, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, and 305 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

72. Huberfeld denies the allegations of paragraph 280 of the SAC, except he admits that on June 8, 2016, the United States District Attorney's Office for the Southern District of New York filed criminal charges against him, and he refers to the referenced "criminal charges" for its terms and content.

**E.    Concentration In Illiquid Investments**

73. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 306, 307, 311, and 312 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

74.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 308, 309, and 310 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**F.    Misrepresentation Of PPVA's NAV In The Wake Of The Black Elk Explosion**

75.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 316, 318, 319, 320, 321, and 322 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

76.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 313, 314, 315, and 317 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**G.    Misrepresentation Of Value For Golden Gate Oil**

77.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 323, 326, 327, 329, 335, 337, 339, 342, and 343 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

78.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 324, 325, 328, 330, 331, 332, 333, 334, 336, 338, 340, and 341 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**H.    Creation Of Beechwood**

79.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in

paragraphs 344, 345, 346, 347, 348, 349, 350, 351, 352, 357, 360, and 372 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

80.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 353, 354, 355, 356, 358, 359, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, and 371 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**I.      Structure And Ownership Of Beechwood**

81.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 373, 375, 376, 378, 379, 381, 383, 385, and 389 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

82.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 374, 377, 380, 382, 384, 386, 387, 388, 390, 391, 392, 393, 394, 395, 396, 397, and 398 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

83.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 399 of the SAC, except he admits that for a certain period of time, he maintained an office in the same premises as Beechwood.

**J.      Beechwood And The First Scheme**

84.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs  400, 401, 403, 404, 405, 406, 407, 408, 409, 411, and 412 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

85.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 402 and 410 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 1.     **Golden Gate Oil**

86.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 416, 418, 419, 422, and 423 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

87.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 413, 414, 415, 417, 420, and 421 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 2.     **PEDEVO**

88.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 424, 425, 426, 427, 428, 429, 434, and 435 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

89.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 430, 431, 432, and 433 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 3.     **Implant Sciences**

90.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in

paragraphs 436, 438, and 439 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

91.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 437 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**K.     Black Elk Scheme**

92.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 440, 442, 447, 450, 451, 452, 453, 454, 466, 468, 474, 475, 478, 479, 480, 483, 484, 485, 486, 487, 493, 497, 498, 500, 505, 510, 511, 512, 514, and 515 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

93.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 441, 443, 444, 445, 446, 448, 449, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 467, 469, 470, 471, 472, 473, 476, 477, 481, 482, 488, 489, 490, 491, 492, 494, 495, 496, 499, 501, 502, 503, 504, 506, 507, 508, 509, and 513 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**L.     Creation Of Montsant And Repurchase Of Black Elk Bonds**

94.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 516, 517, 518, 519, 521, 522, 523, 526, 527, and 528 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

95. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 520, 524, and 525 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**M.** **Northstar**

96. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 529, 532, 533, 534, 535, 536, 537, 538, 540, 541, 543, 546, and 547 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

97. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 530, 531, 539, 542, 544, 545, 548, 549, and 550 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**N.** **The Second Scheme**

98. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 551, 552, 553, 554, and 555 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

**1.** **Use Of Montsant To Hide Beechwood Encumbrance Of PPVA Assets**

99. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 556, 557, 558, 559, 561, 562, 563, 564, and 567 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

100.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 560, 565, and 566 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 2.     **Nordlicht Side Letter**

101.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 568, 569, 570, and 580 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

102.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 571, 572, 573, 574, 575, 576, 577, 578, 579, 581, 582, and 583 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 3.     **March 2016 "Restructuring" Of PPVA/PPCO/Beechwood Transactions**

103.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 584, 590, 602, 603, 604, and 606 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

104.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 585, 586, 587, 588, 589, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, and 605 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### O.     **The Agera Transactions**

105. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraph 607 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

106. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 608, 609, and 610 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 1. **Agera Energy**

107. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, and 626 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 2. **The Agera Energy Valuation**

108. Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 627, 628, and 629 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 3. **The Agera Sale Process**

109. Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 630, 631, 637, 638, 640, 641, and 642 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

110.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 632, 633, 634, 635, 636, and 639 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 4.    The Agera Sale

111.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 643, 648, 649, 651, 653, and 659 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

112.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 644, 645, 646, 647, 650, 652, 654, 655, 656, 657, and 658 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 5.    The Redemption Of The Class C Portion Of The Note Purchase Price

113.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 662, 663, 665, 668, 669, and 671 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

114.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 660, 661, 664, 666, 667, 670, and 672 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### P.    The Security Lockup

115.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in

paragraphs 673, 674, 675, and 676 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 1.    PPNE Notes

116.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 677, 680, 684, 686, and 687 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

117.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 678, 679, 681, 682, 683, and 685 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 2.    Kismetia

118.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 688, 690, and 691 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

119.    Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 689, 692, 693, 694, and 695 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 3.    Twosons

120.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 703, 704, 705, 708, 709, 713, 714, 716, 717, 721, 723, and 725 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

121.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 696, 697, 698, 699, 700, 701, 702, 706, 707, 710, 711, 712, 715, 718, 719, 720, 722, and 724 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

### 4.     Seth Gerzberg And West Loop/Epocs

122.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 726, 728, 736, 737, 738, 739, 740, 741, 742, 743, 744, 745, 747, 750, 751, 756, 758, 759, and 760 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

123.     Huberfeld denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraphs 727, 729, 730, 731, 732, 733, 734, 735, 746, 748, 749, 752, 753, 754, 755, 757, 761, and 762 of the SAC, and refers to each document referenced therein (if any) for its terms and content.

## CLAIMS FOR RELIEF

### First Count: Breach of Fiduciary Duty
### (Duty of Care and Good Faith) Against the Platinum Defendants

124.     In response to paragraph 763 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-762 of the SAC as if fully set forth herein.

125.     Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 764, 765, 766, 767, 768, 769, 770, 771, 772, and 773 of the SAC.

### Second Count: Breach of Fiduciary Duty
### (Duty of Loyalty/Self-Dealing) Against the Platinum Defendants

126.    In response to paragraph 774 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-773 of the SAC as if fully set forth herein.

127.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 775, 776, 777, 778, 779, 780, and 781 of the SAC.

### Third Count: Aiding And Abetting Breach of Fiduciary Duties Against The Individual Platinum Defendants

128.    In response to paragraph 782 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-781 of the SAC as if fully set forth herein.

129.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 783, 784, 785, 786, 787, 788, 789, 790, and 791 of the SAC.

### Fourth Count: Fraud Against The Platinum Defendants

130.    In response to paragraph 792 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-791 of the SAC as if fully set forth herein.

131.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 793, 794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812, and 813 of the SAC.

### Fifth Count: Constructive Fraud Against The Platinum Defendants

132.    In response to paragraph 814 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-813 of the SAC as if fully set forth herein.

133.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in

paragraphs 815, 816, 817, 818, 819, 820, 821, 822, 823, 824, 825, 826, 827, 828, 829, 830, 831, 832, 833, 834, 835, 836, and 837 of the SAC.

**Sixth Count: Aiding And Abetting Fraud Against The Individual Platinum Defendants**

134.    In response to paragraph 838 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-837 of the SAC as if fully set forth herein.

135.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 839, 840, 841, 842, 843, 844, and 845 of the SAC.

**Seventh Count: Aiding And Abetting Breach Of Fiduciary Duties Against The Beechwood Defendants**

136.    In response to paragraph 846 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-845 of the SAC as if fully set forth herein.

137.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 847, 848, 849, 850, 851, 852, 853, 854, 855, 856, and 857 of the SAC.

**Eighth Count: Aiding And Abetting Fraud Against The Beechwood Defendants**

138.    In response to paragraph 858 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-857 of the SAC as if fully set forth herein.

139.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 859, 860, 861, 862, 863, 864, 865, 866, 867, and 868 of the SAC.

**Ninth Count: Aiding And Abetting Breach Of Fiduciary Duties Against The BEOF Funds And The Preferred Investors Of The BEOF Funds**

140.    In response to paragraph 869 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-868 of the SAC as if fully set forth herein.

141.    Paragraphs 870, 871, 872, 873, 874, 875, 876, 877, 878, 879, 880, 881, 882, 883, 884, and 885 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required.  To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Tenth Count: Aiding And Abetting Fraud Against
### The BEOF Funds And The Preferred Investors Of The BEOF Funds

142.    In response to paragraph 886 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-885 of the SAC as if fully set forth herein.

143.    Paragraphs 887, 888, 889, 890, 891, 892, 893, 894, 895, 896, 897, 898, and 899 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required.  To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Eleventh Count: Aiding And Abetting Breach of
### Fiduciary Duties Against Michael Katz

144.    In response to paragraph 900 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-899 of the SAC as if fully set forth herein.

145.    Paragraphs 901, 902, 903, 904, 905, 906, 907, 908, 909, and 910 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required.  To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Twelfth Count: Aiding And Abetting Breach of
### Fiduciary Duties Against Kevin Cassidy And Michael Nordlicht

146.     In response to paragraph 911 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-910 of the SAC as if fully set forth herein.

147.     Paragraphs 912, 913, 914, 915, 916, 917, 918, 919, 920, 921, 922, 923, 924, and 925 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required.  To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Thirteenth Count: Aiding And Abetting Breach of<br>Fiduciary Duties Against Seth Gerzberg

148.     In response to paragraph 926 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-925 of the SAC as if fully set forth herein.

149.     Paragraphs 927, 928, 929, 930, 931, 932, 933, 934, 935, 936, and 937 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required.   To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Fourteenth Count: In The Alternative, Unjust Enrichment<br>Against The Beechwood Defendants, Kevin Cassidy and Seth Gerzberg

150.     In response to paragraph 938 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-937 of the SAC as if fully set forth herein.

151.     Paragraphs 939, 940, 941, 942, 943, 944, 945, 946, and 947 of the SAC purport to state allegations in support of a claim that was dismissed by the Court in its March 15, 2019 Order and its June 21, 2019 Order, and to which no response is required.  To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Fifteenth Count: In The Alternative, Unjust Enrichment Against<br>The BEOF Funds And The Preferred Investors Of The BEOF Funds

152.    In response to paragraph 948 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-947 of the SAC as if fully set forth herein.

153.    Paragraphs 949, 950, 951, 952, 953, 954, 955, 956, 957, 958, and 959 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required.   To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Sixteenth Count: Civil Conspiracy Against The Platinum Defendants And The Beechwood Defendants

154.    In response to paragraph 960 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-959 of the SAC as if fully set forth herein.

155.    Huberfeld denies the allegations directed to him, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, set forth in paragraphs 961, 962, 963, 964, 965, 966, and 967 of the SAC.

### Seventeenth Count: Violation Of Civil RICO Against The Platinum Defendants And The Beechwood Defendants

156.    In response to paragraph 968 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-967 of the SAC as if fully set forth herein.

157.    Paragraphs 969, 970, 971, 972, 973, 974, 975, 976, 977, 978, 979, 980, 981, 982, 983, 984, and 985 of the SAC purport to state allegations in support of a claim that was dismissed by the Court in its June 21, 2019 Order and to which no response is required.   To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Eighteenth Count: (For Relief Only) Alter Ego Against The Beechwood Entities In Respect Of Counts One, Two, Four And Five

158.     In response to paragraph 986 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-985 of the SAC as if fully set forth herein.

159.     Paragraphs 987, 988, 989, 990, 991, 992, 993, 994, 995, 996, 997, 998, 999, and 1000 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required. To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Nineteenth Count: (For Relief Only) Alter Ego Against The BEOF Funds In Respect Of Counts One, Two, Four And Five

160.     In response to paragraph 1001 of the SAC Huberfeld repeats and realleges the responses to paragraphs 1-1000 of the SAC as if fully set forth herein.

161.     Paragraphs 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1010, 1011, and 1012 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required. To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Twentieth Count: Declaratory Judgment The Nordlicht Side Letter Is Void And Unenforceable As Contrary To Public Policy

162.     In response to paragraph 1013 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-1012 of the SAC as if fully set forth herein.

163.     Paragraphs 1014, 1015, 1016, 1017, 1018, 1019, and 1020 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required. To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Twenty-First Count: Declaratory Judgment That The Master Guaranty Is Void And Unenforceable As Against Public Policy

164. In response to paragraph 1021 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-1020 of the SAC as if fully set forth herein.

165. Paragraphs 1022, 1023, 1024, 1025, 1026, 1027, and 1028 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required. To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

### Twenty-Second Count: (For Relief Only) Alter Ego against the Huberfeld Family Foundation in respect of Counts One, Two, Three, Four Five and Six

166. In response to paragraph 1029 of the SAC, Huberfeld repeats and realleges the responses to paragraphs 1-1028 of the SAC as if fully set forth herein.

167. Paragraphs 1030, 1031, 1032, 1033, 1034, 1035, 1036, 1037, 1038, 1039, 1040, and 1041 of the SAC purport to state allegations in support of a claim that is not directed to Huberfeld and to which no response is required. To the extent a response is required, Huberfeld denies the allegations directed to him set forth in those paragraphs.

**WHEREFORE**, Huberfeld denies that Plaintiffs are entitled to the relief set forth in the *ad damnum* clause, or to any relief at all.

### GENERAL DENIAL

Except as otherwise expressly admitted above, Huberfeld denies each and every allegation of the SAC, and specifically denies any wrongdoing or liability to Plaintiffs.

### AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations in the SAC, and without admitting or suggesting that Huberfeld bears the burden of proof on any of the following issues, Huberfeld alleges the following separate and independent affirmative defenses:

29

### First Affirmative Defenses

Plaintiffs' claims against Huberfeld are barred in whole or in part for lack of standing.

### Second Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part for failure to state a claim.

### Third Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part for failure to allege their claims sounding in fraud, misrepresentation, and/or breach of trust with requisite particularity.

### Fourth Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part by applicable statutes of limitation.

### Fifth Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part by the doctrine of *in pari delicto*.

### Sixth Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part by Plaintiffs', or Plaintiffs' agents', representatives', or consultants', inequitable conduct.

### Seventh Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part by the equitable doctrines of bad faith and unclean hands.

### Eighth Affirmative Defense

Plaintiffs' claims against Huberfeld are barred, based on Plaintiffs' conduct, in whole or in part by equitable doctrines, including acquiescence, waiver, estoppel, and laches.

### Ninth Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part, and/or Plaintiffs' damages must be reduced, because Plaintiffs failed to mitigate damages.

### Tenth Affirmative Defense

Plaintiffs' claims against Huberfeld are barred in whole or in part by the doctrine of intervening or superseding causation.

### Eleventh Affirmative Defense

Plaintiffs' claims for punitive damages against Huberfeld are barred because an award of punitive damages is not permissible.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they have been released, discharged, compromised, and settled; and/or by accord and satisfaction.

### Reservation And Non-Waiver Of Additional Affirmative Defenses

Huberfeld reserves the right to assert and rely on, and does not waive, any additional defenses that become available or apparent during the course of this action.

### CONDITIONAL COUNTERCLAIM FOR INDEMNIFICATION

Only in the event that applicable release agreements are determined to be unenforceable or nonbinding for any reason, Huberfeld would in that case be entitled, under such investment management agreements as exist between Platinum Management (NY) LLC and PPVA, to be indemnified and held harmless by PPVA, for all losses sustained by him in his defense of this

action and any other action in which claims are asserted against him arising out of or concerning his indirect holding of interests in Platinum Management (NY) LLC, as provided in such agreements and other governing organizational documents of PPVA and Platinum Management (NY) LLC.

WHEREFORE, Huberfeld respectfully requests judgment dismissing Plaintiffs' claims as against Huberfeld in their entirety with prejudice, awarding Huberfeld costs and expenses, including attorneys' fees, and such further and additional relief as the court deems just and proper.

Dated: New York, New York
     July 12, 2019

                                      */s/ Jeffrey C. Daniels*
                                        Jeffrey C. Daniels, Esq.
                                        Of Counsel to Horowitz and Rubenstein, LLC
                                        4 Carren Circle
                                        Huntington, NY 11743
                                        Tel: (516) 745-5430
                                        jdaniels@cdpc.com