UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION | Master Docket No. 1:18-cv-06658-JSR |
| MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation),<br><br>    Plaintiffs,<br><br>    -v-<br><br>PLATINUM MANAGEMENT (NY) LLC, et al.,<br><br>    Defendants. | Case No. 1:18-cv-10936-JSR |

## MURRAY HUBERFELD'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York, defendant Murray Huberfeld ("Huberfeld") submits the following statement of undisputed material facts, with citations to the supporting evidence and the February 14, 2020 Declaration of Jeffrey C. Daniels ("Daniels Dec."), in support of his motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**A.**    **Murray Huberfeld's Interest In Platinum Management (NY) LLC**

    1.    Platinum Management (NY) LLC ("PMNY") is a limited liability company organized under the laws of Delaware. (Daniels Dec. Ex. 2 (Second Amended and Restated Operating Agreement of Platinum Management (NY) LLC).)

2. Pursuant to the Second Amended and Restated Operating Agreement of Platinum Management (NY) LLC, dated as of January 1, 2011, the members of PMNY are the Mark Nordlicht Grantor Trust (listed as a "Passive Member" and holding a 65% Voting Company Percentage), Mark Nordlicht (listed as a "Passive Member" and holding a 10% Voting Company Percentage), and Uri Landesman (listed as a "Manager; Member" with a 25% Voting Company Percentage).  (*Id.*)

3. The beneficiaries of the Mark Nordlicht Grantor Trust are Nordlicht Management III LLC, Grosser Lane Management LLC, and Manor Lane Management LLC ("Manor Lane"). (Daniels Dec. Ex. 3 (The Trust Agreement for the Mark Nordlicht Grantor Trust).)

4. Huberfeld, through Manor Lane, seeded Mark Nordlicht in connection with the formation of PPVA.  (Daniels Dec. Ex. 4 (Murray Huberfeld Deposition Transcript Excerpts) at Tr. 49:11-12, 56:19-23.)

5. The Mark Nordlicht Grantor Trust provided Manor Lane with a 24.999% Economically Equivalent Membership Interest, as that term is defined in the Mark Nordlicht Grantor Trust, in PMNY.  (Daniels Dec. Ex. 3 (The Trust Agreement for the Mark Nordlicht Grantor Trust).)

6. The only member of Manor Lane is Murray Huberfeld. (Daniels Dec. Ex. 4 (Murray Huberfeld Deposition Transcript Excerpts) at Tr. 15:18-20.)

7. Manor Lane received payments from the Mark Nordlicht Grantor Trust on account of its Economically Equivalent Membership Interest, as that term is defined in the Mark Nordlicht Grantor Trust, in PMNY in 2012 (to account for fees earned in 2011), 2013 (to account for fees earned in 2012), and 2014 (to account for fees earned in 2013).  (Daniels Dec. Ex. 5 (Murray Huberfeld's Responses and Objections to Plaintiffs' Requests for Admissions) at No. 12.)

### B. Management of PPVA

8. Plaintiff Platinum Partners Value Arbitrage Fund L.P. ("PPVA") operated pursuant to a Second Amended and Restated Limited Partnership Agreement, dated July 1, 2008 (the "PPVA Partnership Agreement"). (Daniels Dec. Ex. 6 (Second Amended and Restated Limited Partnership Agreement of Platinum Partners Value Arbitrage Fund L.P.)

9. Section 2.02 of the PPVA Partnership Agreement provides that "management of the Partnership shall be vested exclusively in the General Partner". (*Id.*)

10. The PPVA Partnership Agreement provides that PMNY is the general partner of PPVA. (*Id.*)

11. PMNY and PPVA were also parties to the Fourth Amended and Restated Investment Management Agreement, dated March 9, 2007, pursuant to which PPVA (and its feeder funds) appointed PMNY as its investment manager. (Daniels Dec. Ex. 7 (Fourth Amended and Restated Investment Management Agreement).)

12. In 2016, Mark Nordlicht was the chief investment officer of PPVA and managing member of PMNY, which was in turn the General Partner of PPVA. (Daniels Dec. Ex. 8 (Joseph SanFilippo Deposition Transcript Excerpts) at Tr. 29:20-30:1.)

### C. The Release Agreement

13. In 2016, a "Release Agreement" was executed by and among the following parties:
    i. PMNY, Platinum Credit Management LP, Platinum Liquid Opportunity Management (NY) LLC, and Centurion Credit Management LLC;
    ii. Mark Nordlicht, as Trustee of The Mark Nordlicht Grantor Trust, the Mark Nordlicht Grantor Trust I, and the Mark Nordlicht Grantor Trust II (the "Trusts");

      iii.    Mark Nordlicht, individually;

      iv.    Murray Huberfeld;

      v.    David Bodner;

      vi.    Bernard Fuchs; and

      vii.    Uri Landesman.

(Daniels Dec. Ex. 9 (Release Agreement).)

14. PMNY, Platinum Credit Management LP, Platinum Liquid Opportunity Management (NY) LLC, and Centurion Structured Growth LLC (collectively the "Platinum Management Entities") were responsible for the management of the following Platinum-affiliated funds, respectively: PPVA, Platinum Partners Credit Opportunities Fund LP, Platinum Liquid Opportunity Fund LP, and Centurion Credit Management, LLC (together, the "Platinum Funds"). (Daniels Dec., Ex. 9 (Release Agreement).)

15. As stated, in 2016, Huberfeld, through Manor Lane, was a beneficiary of the Mark Nordlicht Grantor Trust (Huberfeld's "Beneficiary Interest"); the Mark Nordlicht Grantor Trust, in turn, owned a membership interest in PMNY. PMNY was responsible for the management of PPVA. (*See supra*.)

16. The Beneficiary Interest was valuable. (Daniels Dec. Ex. 8 (Joseph SanFilippo Deposition Transcript Excerpts) at Tr. 83:11-17.)

17. In 2016, Huberfeld, either individually, or through family members or controlled entities, was a beneficial owner of limited partnership interests in PPVA (a "Funds Interest"). (Daniels Dec. Ex. 9 (Release Agreement).)

18. The Funds Interest belonging to Huberfeld, either individually, or through family members or their controlled entities, was valuable. (*See, e.g.*, Daniels Dec. Ex. 10.)

19. The list of limited partnership accounts at PPVA affiliated with Huberfeld, directly or indirectly, is annexed as Exhibit A to the Release Agreement (the "Huberfeld Entities"). (Daniels Dec. Ex. 9 (Release Agreement) at Ex. A.)

20. Pursuant to the Release Agreement, Huberfeld gave certain good and valuable consideration (the "Huberfeld Consideration"), including the following:

   i. Huberfeld relinquished his Beneficiary Interest in the Mark Nordlicht Grantor Trust as of March 20, 2016. (Daniels Dec. Ex. 9 (Release Agreement) at Section 1.) By agreeing to the Release Agreement, PMNY hoped to improve the liquidity of PPVA and the Platinum Funds, by attracting a prominent investor with the enticement of a beneficial interest in PMNY. (Daniels Dec. Ex. 8 (Joseph Sanfilippo Deposition Transcript Excerpts) at Tr. 76:15-22.)

   ii. Huberfeld, on behalf of himself, his successors, assigns, personal representatives and his "affiliated entities," provided a broad, unconditional general release to "Platinum," defined to include all of the Platinum Management Entities (including PMNY), and all the Platinum Funds (including PPVA), releasing forever all known and unknown claims and actions. (Daniels Dec. Ex. 9 (Release Agreement) at Section 3(a).)

   iii. Huberfeld, on behalf of himself and certain affiliated persons and entities identified in an attachment to the Release Agreement, also agreed not to redeem any of their Funds Interest (including their substantial Funds Interest in PPVA), or to withdraw any of their funds from the Platinum Management Entities (including any and all monies from earnings in 2015, which would be paid in 2016), for a period of two (2) years from the effective date of the Release

5

Agreement (considerably longer than otherwise required), absent certain limited exceptions (irrelevant for purposes of this motion). (Daniels Dec. Ex. 9 (Release Agreement) at Section 4(c).)

21. In return for the Huberfeld Consideration, "Platinum" (defined in Recital A of the Release Agreement to include the Platinum Management Entities and the Platinum Funds, including PPVA) provided a similarly broad unconditional general release of Huberfeld. The release provided to Huberfeld by Platinum (including PPVA) expressly states in pertinent part as follows:

> For good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, each of Platinum, the Nordlicht Parties, Fuchs, and Landesman, on behalf of himself or itself, and his or its respective successors, assigns, personal representatives and affiliated entities, hereby fully, finally, forever and unconditionally waives, releases, and discharges each of Bodner and Huberfeld and each of their respective predecessors, successors, assignors or assignees, heirs, executors and administrators (as applicable), and any entity controlled by any of them, and with respect to each such entity, each of their respective present and former directors, officers, employees, agents, attorneys, representatives and direct or indirect shareholders, each in their capacities as such (collectively, the "BH Released Parties"), each of whom is an intended third-party beneficiary of this Section 3, of and from any and all manner of actions, causes of action, suits, debts, liabilities, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims and demands whatsoever, whether in law or in equity, whether known, unknown, or hereafter becoming known, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, matured or unmatured, whether direct or indirect, individual, class, derivative, representative or other capacity, existing or hereafter arising, in law or in equity or otherwise that have been or could have been or in the future could be or might be asserted (whether directly or derivatively) that are based in whole or in part on any act or omission, transaction, or event in connection with any manner whatsoever with Platinum, from the beginning of the world to the Effective Date.

(The "Platinum Consideration").  (Daniels Dec. Ex. 9 (Release Agreement) at Section 3(b).)

22.   The Release Agreement was fully executed by all relevant parties.  (Daniels Dec. Ex. 9 (Release Agreement).)

23.   The Release Agreement was reviewed by attorneys for PMNY, who approved PMNY entering into the Release Agreement on behalf of all Platinum parties, including PPVA. (Daniels Dec. Ex. 11 (Memorandum).)

24.   Platinum performed under the Release Agreement. (Daniels Dec. Ex. 8 (Joseph SanFilippo Deposition Transcript Excerpts) at Tr. 75:2-78:16.)

25.   Huberfeld performed under the Release Agreement. (Daniels Dec. Ex. 4 (Murray Huberfeld Deposition Transcript Excerpts) at Tr. 73:9-75:5.)

26.   The Release Agreement is governed by the laws of the State of New York.  (Daniels Dec. Ex. 9 (Release Agreement) at Section 5(e).)

27.   Huberfeld filed an Answer asserting an affirmative defense on the basis of the Release Agreement.  (Daniels Dec., Ex. 12.)

Dated: New York, New York
       February 14, 2020

*/s/ Jeffrey C. Daniels*
Jeffrey C. Daniels, Esq.
Of Counsel to Horowitz and Rubenstein, LLC
4 Carren Circle
Huntington, NY 11743
Tel: (516) 745-5430
jdaniels@jcdpc.com

*Attorneys for Murray Huberfeld*