```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re PLATINUM-BEECHWOOD LITIGATION :    18-cv-6658 (JSR)
------------------------------------ x
MELANIE L. CYGANOWSKI, as Equity     :
Receiver for PLATINUM PARTNERS       :
CREDIT OPPORTUNITIES MASTER FUND     :
LP, PLATINUM PARTNERS CREDIT         :
OPPORTUNITIES FUND (TE) LLC,         :    18-cv-12018 (JSR)
PLATINUM PARTNERS CREDIT             :
OPPORTUNITIES FUND LLC, PLATINUM     :
PARTNERS CREDIT OPPORTUNITIES FUND   :
INTERNATIONAL LTD., PLATINUM         :
PARTNERS CREDIT OPPORTUNITIES FUND   :
INTERNATIONAL (A) LTD., and          :
PLATINUM PARTNERS CREDIT             :    OPINION AND ORDER
OPPORTUNITIES FUND (BL) LLC,         :
                                     :
              Plaintiff,             :
                                     :
              -v-                    :
                                     :
BEECHWOOD RE LTD., et al.,           :
                                     :
              Defendants.            :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

On December 19, 2018, plaintiff Melanie L. Cyganowski, as Equity Receiver for various PPCO entities (as defined below), brought the instant nineteen-count action against numerous defendants including PB Investment Holdings, Ltd. ("PBIHL"). ECF No. 1. On March 29, 2019, Cyganowski filed a First Amended Complaint ("FAC"). ECF No. 81. On August 18, 2019, the Court issued a bottom-line order granting in part and denying in part defendants' motions to dismiss the FAC, followed by an opinion and order setting forth the reasons for the Court's rulings. ECF

-1-

Nos. 380, 429. With respect to PBIHL, claims for RICO violation, RICO conspiracy, and Rule 10b-5 violation were dismissed. Id.

Now before the Court is PBIHL's motion for summary judgment on the remaining claims against it, viz., claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty. ECF No. 513; see also Memorandum of Law of Defendant PB Investment Holdings, Ltd. in Support of its Motion for Summary Judgment, ECF No. 514 ("PBIHL Mem."); Defendant PB Investment Holdings Ltd.'s Reply in Support of its Motion for Summary Judgment, ECF No. 518 ("PBIHL Reply").[1] The Receiver opposes. See Receiver's Omnibus Memorandum of Law in Opposition to Motions for Summary Judgment of Senior Health Insurance Company of Pennsylvania, the Beechwood Parties, and PB Investments Holdings, Ltd., ECF No. 508 ("Receiver Opp."). For the reasons set forth below, the Court grants summary judgment in favor of PBIHL on both counts and dismisses the FAC as against PBIHL.

---

[1] In addition, the following defendants have filed motions for summary judgment: (1) Senior Health Insurance Company of Pennsylvania ("SHIP"), ECF No. 498; and (2) BAM Administrative Services LLC, Beechwood Bermuda International, Ltd., and Beechwood Bermuda, Ltd., ECF No. 488. The Receiver has also filed a motion for partial summary judgment against SHIP on the issues of agency and imputation. ECF No. 490.

Given these parties' representation to the Court on April 7, 2020 that they have reached an agreement in principle to settle all claims among them, these three motions are currently held in abeyance pending the completion of definitive documentation and required approval of settlement agreements.

**Background**

Except where otherwise noted, the following facts, either undisputed or taken most favorably to the non-moving party, are taken from the parties' Rule 56.1 statements:

Parties

In the early 2000s, Mark Nordlicht, Murray Huberfeld, and David Bodner founded an affiliated group of hedge funds called "Platinum Partners." One of its flagship funds was Platinum Partners Credit Opportunities ("PPCO"), an asset-based investment fund originating loans and making equity investments in various industries such as consumer finance, litigation, metals and mining, oil and gas, alternative energy, retail energy, life settlements, and asset-based finance. See Receiver's Counterstatement of Material and Undisputed Facts in Opposition to Motions for Summary Judgment Filed by (i) Senior Health Insurance Company of Pennsylvania, (ii) the Beechwood Defendants and (iii) PB Investment Holdings, Ltd., ECF No. 505 ("Receiver 56.1 CS") ¶ 37.

As relevant here, PPCO consisted of the following entities, among others: (i) Platinum Credit Management, L.P. ("PPCO Portfolio Manager"), (ii) Platinum Partners Credit Opportunities Master Fund LP ("PPCO Master Fund"), (iii) Platinum Partners Credit Opportunities Fund (BL) LLC ("PPCO Blocker Fund"), (iv) Platinum Partners Credit Opportunities Fund (TE) LLC and

Platinum Partners Credit Opportunities Fund LLC (together, "PPCO Onshore Feeder Funds"), (v) Platinum Partners Credit Opportunities Fund International Ltd. and Platinum Partners Credit Opportunities Fund International (A) (together, "PPCO Offshore Feeder Funds"), (vi) Platinum Liquid Opportunity Management (NY) LLC, and (vii) Platinum Partners Liquid Opportunity Fund (USA) L.P. See id. ¶¶ 19-21, 24. These entities will be referred to here as the "Receivership Entities."

PPCO had a master-feeder structure, where domestic investors invested through PPCO Onshore Feeder Funds and foreign investors invested through PPCO Offshore Feeder Funds and PPCO Blocker Fund. See Defendant PB Investment Holdings Ltd.'s Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, ECF No. 494 ("PBIHL 56.1") ¶¶ 2-3; Receiver's Response to Defendant PB Investment Holdings Ltd.'s Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, ECF No. 506 ("Receiver Response to PBIHL 56.1") ¶¶ 2-3. PPCO Portfolio Manager served as the loan portfolio manager of PPCO Master Fund, running all aspects of PPCO's operations such as investment, marketing, investor relations, cash management, and bookkeeping activities. See Receiver 56.1 CS ¶ 48.

In 2013, several Platinum individuals, along with Mark Feuer and Scott Taylor, established a collection of corporate

-4-

entities doing reinsurance business under the trade name "Beechwood," for the purpose of gaining access to hundreds of millions of dollars in insurance assets to which Platinum would not otherwise have access. See id. ¶¶ 4-5, 66. As discussed below, the instant action arises from a series of related-party transactions between Platinum and Beechwood that were, according to the Receiver, fraudulently entered into for the benefit of Beechwood and its clients such as SHIP, at the expense of PPCO.

Moving defendant PB Investment Holdings, Ltd., the successor-in-interest to Beechwood Bermuda Investment Holdings Ltd. ("BBIHL"), is an entity organized under Bermuda law, with its principal place of business in Bermuda. See Receiver 56.1 CS ¶ 32(v); PBIHL 56.1 ¶¶ 78-79, 88.[2] Unlike other Beechwood entities, BBIHL did not sell insurance products; rather, it sold annuity-like investment products to high net-worth individuals living outside the United States. See PBIHL 56.1 ¶¶ 85-87, 90-91. BBIHL's board of directors consisted of Taylor, Feuer, and David Lessing, with Lessing overseeing BBIHL's day-to-day operations. See id. ¶¶ 80-81.

---

[2]   PBIHL argues that BBIHL was not part of the Beechwood family. See, e.g., Defendant PB Investment Holdings Ltd.'s Response to the Receiver's Counterstatement of Material and Undisputed Facts in Opposition to Motions for Summary Judgment, ECF No. 522 ("PBIHL Response to Receiver 56.1 CS") ¶¶ 33, 67, 70. In contrast, the Receiver's 30(b)(6) witness Marc Kirschner testified that the Receiver viewed the Beechwood entities, including BBIHL, as one group. See PBIHL 56.1 ¶ 96.

Senior Health Insurance Company of Pennsylvania is a long-term insurance company domiciled in the Commonwealth of Pennsylvania, with its principal place of business in Carmel, Indiana. See Receiver 56.1 CS ¶ 28. After signing three Investment Management Agreements, SHIP invested approximately $270 million with Beechwood. See id. ¶¶ 106-10.

March 2016 Transactions[3]

On March 21, 2016, Beechwood, on behalf of SHIP, and PPCO Master Fund entered into a transaction, where a note previously issued to SHIP was rolled into a new note with a higher principal amount of $42,963,949.04. See Second Amended and Restated Secured Term Note, ECF No. 496-9, at 156-65; see also Note Purchase Agreement, dated March 21, 2016, ECF No. 496-9, at 62-108.

In exchange for raising the principal balance as such, PPCO Master Fund received some cash and took, inter alia, assignments of debt interests in Northstar GOM Holdings Group LLC ("Northstar") from SHIP. See Receiver 56.1 CS ¶¶ 198-99. Specifically, B Asset Manager LP (a Beechwood entity), on behalf of SHIP, entered into an Assignment Agreement with PPCO Master Fund and BRe WNIC 2013 LTC Primary (a Beechwood trust associated

---

[3] The Court omits descriptions of certain prior December 2015 transactions, which may be crucial to the Receiver's claims against other defendants but are irrelevant for the purpose of evaluating PBIHL's instant motion.

with another Beechwood investor), pursuant to which, inter alia, SHIP sold its debt interests in Northstar to PPCO Master Fund for a purchase price of $11,400,600.00. See Tri-Party Assignment Agreement, dated March 21, 2016, ECF No. 496-9, at 144-49. SHIP received additional $21,323,344.44 from assigning debt interests in Northstar to a non-PPCO Platinum entity.[4] The Receiver, PBIHL, and SHIP here dispute whether these purchase prices were fair and whether the purpose of these transactions was to fraudulently benefit SHIP at the expense of PPCO Master Fund.

Most importantly for the purpose of evaluating the instant motion, PPCO Master Fund, on March 21, 2016, issued a letter directing SHIP to disburse $26,590,877.78 (proceeds from the transactions above) to BAM Administrative Services LLC ("BAM Admin," another Beechwood entity) as "Agent for each of [SHIP, certain Beechwood entities, and BBIHL], for its Segregated Accounts." PBIHL 56.1 ¶ 71. As discussed in more detail below, the Receiver alleges that BBIHL received $2,111,222.22 in connection with this disbursement, which forms the basis of her aiding and abetting claims against PBIHL.

Aftermath

---

[4]   Specifically, B Asset Manager LP, on behalf of SHIP, entered into an Assignment Agreement with PPVA Oil & Gas, LLC , pursuant to which SHIP sold certain debt interests in Northstar to PPVA Oil & Gas, LLC for a purchase price of $21,323,344.44. See SHIP-PPVA Assignment Agreement, dated March 21, 2016, ECF No. 496-9, at 150-55.

Subsequently, PPCO's financial conditions worsened, and, by June 30, 2016, it suspended all redemptions by its investors. See Receiver 56.1 ¶ 231. Around this time, a series of government investigations, a criminal action, and a civil action commenced against Platinum individuals and entities for engaging in a multi-pronged fraudulent scheme. See, e.g., United States v. Nordlicht et al., No. 16-cr-00640 (BMC) (E.D.N.Y.); SEC v. Platinum Management (NY) LLC et al., No. 16-cv-06848 (BMC) (E.D.N.Y.).

On July 6, 2017, Melanie L. Cyganowski was appointed as Equity Receiver of the Receivership Entities other than PPCO Offshore Feeder Funds. See id. ¶¶ 19-21.[5] On December 29, 2017, the scope of the receivership was expanded to include PPCO Offshore Feeder Funds. See id. ¶ 24. On December 19, 2018, the Receiver brought the instant action - on behalf of PPCO Master Fund, PPCO Blocker Fund, PPCO Onshore Feeder Funds, and PPCO Offshore Feeder Funds - against various Beechwood entities, individuals, and investors in connection with the December 2015 and March 2016 transactions. See FAC ¶¶ 29-30.

## Analysis

Under Rule 56(a) of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that

---

[5] The Receivership Order authorizes the Receiver to pursue claims on behalf of the Receivership Entities to "recover and/or conserve Receivership Property." Receiver 56.1 CS ¶¶ 22-23.

-8-

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The movant bears the burden of demonstrating the absence of a genuine dispute of fact, and, to award summary judgment, the court must be able to find after drawing all reasonable inferences in favor of a non-movant that no reasonable trier of fact could find in favor of that party." Palmer/Kane LLC v. Rosen Book Works LLC, 204 F. Supp. 3d 565, 568 (S.D.N.Y. 2016).[6]

"To establish liability for aiding and abetting fraud under [here applicable] New York law, the plaintiffs must show (1) the existence of a fraud; (2) the defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." Krys v. Pigott, 749 F.3d 117, 127 (2d Cir. 2014). "A claim for aiding and abetting a breach of fiduciary duty requires, inter alia, that the defendant knowingly induced or participated in the breach." Krys v. Butt, 486 F. App'x 153, 157 (2d Cir. 2012) (summary order).

Because "the same activity is alleged to constitute the primary violation underlying both claims," the claim for aiding and abetting fraud here overlaps substantially with the claim for aiding and abetting breach of fiduciary duty. Fraternity

---

[6] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Fund Ltd. v. Beacon Hill Asset Mgmt., LLC, 479 F. Supp. 2d 349, 360 (S.D.N.Y. 2007). For this reason, except where otherwise stated, these two claims are analyzed together.

The Receiver here asserts that BBIHL substantially assisted the primary breach of fiduciary duty and fraud committed by Nordlicht (who allegedly controlled the entire Platinum-Beechwood enterprise, including PPCO Master Fund) and PPCO Portfolio Manager (which, controlled by Nordlicht, in turn controlled PPCO Master Fund) against PPCO Master Fund by forcing PPCO Master Fund to enter into the March 2016 transactions. See Receiver Opp. 74-77. The undisputed evidence shows that the only conduct[7] that implicates BBIHL with respect to the claims here at issue is its receipt of $2,111,222.22 from SHIP – based on BBIHL's prior purchase of participation interests in SHIP's holding of Northstar debt – after SHIP sold its debt interests in Northstar to PPCO Master Fund as part of the March 2016 transactions. See PBIHL 56.1 ¶¶ 97-101; Receiver Response to PBIHL 56. ¶¶ 97-101.[8]

---

[7] The Receiver does not argue for, and has not set forth any evidence in support of, piercing BBIHL's corporate veil. Therefore, she does not seek to impute the actions of other Beechwood entities onto BBIHL.

[8] Although PBIHL argues that BBIHL's receipt of $2,111,222.22 has no connection to the March 2016 transactions, see PBIHL Mem. 16, overwhelming evidence contradicts PBIHL's assertion as such.

This is not substantial assistance. "[T]he substantial assistance element has been construed as a causation concept, requiring that the plaintiff allege that the acts of the aider and abettor proximately caused the harm upon which the primary liability is predicated." JP Morgan Chase Bank v. Winnick, 406 F. Supp. 2d 247, 256 (S.D.N.Y. 2005). Here, PPCO Master Fund's alleged injuries were that it was forced to overpay SHIP for Northstar debt and that SHIP's security interests were attached to PPCO Master Fund's and its subsidiaries' assets as part of

---

To begin with, the Wilmington Trust account statement for December 2015 reflects BBIHL's purchase of participation interests in Northstar debt for a "CASH DISBURSEENT" of $2,050,666.67 on December 22, 2015, and reflects that, at the end of the month, the "OTHER ASSETS" of BBIHL custody account included "NORTHSTAR GOM HOLDINGS GROUP PARTICIPATION AGREEMENT BBIHL-SEG-COPY CUSIP 99Y800HG5." Statement of Account as of December 31, 2015, ECF No. 504-65.

The Wilmington Trust account statement for March 2016 confirms, in a section entitled "Activity Detail," BBIHL's transfer of its participation interests in Northstar debt on March 25, 2016 and receipt of $2,111,222.22 by "CASH RECEIPT WIRE FROM BAM ADMINISTRATIVE SERVICES"; the "Investment Detail" section of the statement shows, as of March 31, 2016, BBIHL no longer had any interests in Northstar debt. Statement of Account as of March 31, 2016, ECF No. 504-66. This information is consistent with the directive in a letter dated March 21, 2016, where PPCO Master Fund directed SHIP to distribute approximately $26.6 million flowing from the March 2016 transactions to BAM Admin as Agent for, inter alia, BBIHL. See Direction Letter dated March 21, 2016, ECF No. 496-9, at 143.

Furthermore, on March 29, 2016, a Beechwood employee sent to Feuer a document entitled "Available Cash Report," which lists a payment of $2,111,222.22 to BBIHL, in a row entitled "Northstar Payment." Attachment to Email from Andrew Gross dated March 29, 2016, ECF No. 504-67.

the note issuance. Even assuming arguendo that this was true, neither of these injuries was proximately caused, let alone but-for caused, by BBIHL receiving $2.1 million from SHIP; PPCO Master Fund was harmed by the note issuance and debt assignment transaction themselves, not by the subsequent transfer of a portion of the debt assignment proceeds from SHIP to BBIHL. That is, these injuries were not "a direct or reasonably foreseeable result of the defendant's conduct." Filler v. Hanvit Bank, Nos. 01-cv-9510, 02-cv-8251 (MGC), 2003 WL 22110773, at *2 (S.D.N.Y. Sept. 12, 2003). Thus, the Court concludes that BBIHL did not substantially assist the primary fraud and breach of fiduciary duty by Nordlicht and PPCO Portfolio Manager.[9]

## Conclusion

In conclusion, the Court grants summary judgment in favor of PBIHL on the aiding and abetting claims and dismisses the FAC as against PBIHL, with prejudice. The Clerk of the Court is directed to close the entry bearing docket number 513 in 18-cv-12018.

SO ORDERED.

---

[9] Because the above is sufficient to grant summary judgment in favor of PBIHL, the Court does not reach the other contested issues of (1) whether the primary fraud and breach of fiduciary duty occurred to begin with, (2) whether BBIHL had actual knowledge of the primary fraud and breach of fiduciary duty, and (3) whether the doctrine of in pari delicto and the Wagoner rule bar the Receiver's claims against PBIHL. See PBIHL Mem. 10-14, 17-24; PBIHL Reply 4-7, 9-10; Receiver Opp. 72-74, 77-80.

-13-

Dated:   New York, NY

        April 15, 2020

_____
JED S. RAKOFF, U.S.D.J.