UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION, | No. 1:18-cv-06658-JSR |
| SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA,<br>Plaintiff,<br>-v-<br><br>BEECHWOOD RE LTD., et al.,<br>Defendants. | No. 1:18-cv-06658-JSR |
| MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation),<br>Plaintiffs,<br>-v-<br><br>PLATINUM MANAGEMENT (NY) LLC, et al.,<br>Defendants. | No. 1:18-cv-10936-JSR |
| MELANIE L. CYGANOWSKI, as Equity Receiver for PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP, PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND (TE) LLC, PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND LLC, PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND INTERNATIONAL LTD., PLATINUM PARTNERS CREDIT OPPORTUNITIES FUNDPARTNERS CREDIT OPPORTUNITIES FUND (BL) LLC,<br>Plaintiff,<br><br>v.<br><br>BEECHWOOD RE LTD., et al.,<br>Defendants. | No. 1:18-cv-12018-JSR |

1067971.1

## ORDER AMENDING PROTECTIVE ORDER (ECF NOS. 206 and 284)

Upon the application of Richard Schmidt, Litigation Trustee in the Black Elk Actions (defined below), the Court hereby **ORDERS** that the first paragraph of this Court's protective orders (ECF Nos. 206 and 284 in Case No. 1:18-cv-6658-JSR, and its consolidated cases 1:18-cv-10936-JSR and 1:18-cv-12018-JSR) (the "Protective Orders") is clarified and amended as follows: the term "Actions" shall include the following adversary proceedings currently pending before the Honorable Marvin Isgur in the Bankruptcy Court for the Southern District of Texas: *Schmidt v. Nordlicht et al.*, 4:19-AP-03370, *Schmidt v. Meridian Capital Foundation et al.*, 4:19-AP-03330, *Schmidt v. Fuchs et al.*, 4:19-AP-03459, *Schmidt v. Twosons Corporation et al.*, 4:18-AP-03386, *Schmidt v. Sanz*, 19-AP-3550 (collectively, and together with any appeals therefrom, the "Black Elk Actions"). The parties in the Black Elk Actions shall execute the Protective Orders prior to receiving any Confidential Discovery Material. Any party in the Black Elk Actions intending to produce Confidential Discovery Material must notify the party that originally produced the Confidential Discovery Material of the documents it intends to produce and to whom at least five (5) business days prior to disclosure.

The parties in the Black Elk Actions shall not be obligated to return to this Court in connection with any dispute or needed clarification regarding the appropriate use, disclosure or filing of the Discovery Material in the Black Elk Actions, and shall not be restricted by this Court from presenting such questions to the Court in the Black Elk Actions.

DATE: _____4/23_____, 2021.

_____
Jed S. Rakoff, U.S.D.J.

1067971.1