**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PLATINUM-BEECHWOOD LITIGATION, | No. 1:18-cv-06658-JSR |

| | |
|---|---|
| SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA,<br><br>Plaintiff,<br>-v-<br><br>BEECHWOOD RE LTD., et al.,<br><br>Defendants. | No. 1:18-cv-06658-JSR |

| | |
|---|---|
| MARTIN TROTT and CHRISTOPHER SMITH, as Joint Official Liquidators and Foreign Representatives of PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation) and PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (in Official Liquidation),<br><br>Plaintiffs,<br><br>-v-<br><br>PLATINUM MANAGEMENT (NY) LLC, et al.,<br><br>Defendants. | No. 1:18-cv-10936-JSR |

| | |
|---|---|
| MELANIE L. CYGANOWSKI, as Equity Receiver for PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP, PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND (TE) LLC, PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND LLC, PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND INTERNATIONAL LTD., PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND INTERNATIONAL (A) LTD., and PLATINUM PARTNERS CREDIT OPPORTUNITIES FUND (BL) LLC, | No. 1:18-cv-12018-JSR |

Plaintiff,

-v-

BEECHWOOD RE LTD., et al.,

Defendants.

## ORDER AMENDING PROTECTIVE ORDER (ECF NOS. 206, 284 AND 79) AND STIPULATION AND ORDER OF PROTECTION PURSUANT TO FRE 502(d) (ECF NOS. 310, 342 AND 140)

Upon the application of Melanie L. Cyganowski, as Receiver (the "*Receiver*") for Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund International Ltd., Platinum Partners Credit Opportunities Fund International (A) Ltd., and Platinum Partners Credit Opportunities Fund (BL) LLC, the Court hereby **ORDERS** that this Court's "Protective Order" dated March 26, 2019 and entered on March 28, 2019 (ECF Nos. 206, 284 and 79 (collectively, the "*Protective Order*") in Case No. 1:18-cv-6658-JSR, and its consolidated cases 1:18-cv-10936-JSR and 1:18-cv-12018-JSR, respectively (collectively, the "*Platinum-Beechwood Litigation*")), as thereafter modified by this Court's Order dated and entered on April 23, 2021 (ECF Nos. 951, 691 and 561 in Case No. 1:18-cv-6658-JSR and its consolidated cases 1:18-cv-10936-JSR and 1:18-cv-12018-JSR, respectively), and the Court's Stipulation and Order of Protection Pursuant to FRE 502(d) (ECF Nos. 310, 342 and 140 in Case No. 1:18-cv-6658-JSR, and its consolidated cases 1:18-cv-10936-JSR and 1:18-cv-12018-JSR) (the "*502(d) Stipulation*"), are clarified and amended as follows:

1.　　The term "*Actions*" in the first sentence of the Protective Order shall be modified to add any proceedings on Proof of Claim No. 12-1 (the "*Proof of Claim*") in the Chapter 7 case

2

pending before the Honorable Robert D. Drain in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") entitled *In re Mark A. Nordlicht*, Case No. 20-22782-RDD (Bankr. S.D.N.Y.) (the "***Bankruptcy Case***"), any amendments of the Proof of Claim, any adversary proceedings commenced in the Bankruptcy Case with respect to the Proof of Claim, and the adversary proceeding currently pending before the Honorable Robert D. Drain in the Bankruptcy Court entitled *Cyganowski v. Nordlicht,* Adv. Pro. No. 20-07025-RDD (Bankr. S.D.N.Y.) (the "***Nordlicht Adversary Proceeding***," together with any appeals therein and any proceedings or adversary proceeding on the Proof of Claim or on any amended Proof of Claim and any appeals therein, collectively, the "***Nordlicht Proceedings***").

2.      The phrase "the Court" in paragraphs 2(g), 5(g), 7-9 and 14 of the Protective Order is hereby amended to include this Court and the Bankruptcy Court.

3.      The re-production by the Receiver or Mark A. Nordlicht ("***Nordlicht***") in the Nordlicht Proceedings of any Discovery Material previously produced or disclosed in the *Platinum-Beechwood Litigation* shall not vitiate the protections applicable to such Discovery Material under the 502(d) Stipulation in the *Platinum-Beechwood Litigation*.

4.      To the extent that any present or future party to the Nordlicht Proceedings has not previously done so either directly or through counsel (including, without limitation, by executing the Protective Order or the 502(d) Stipulation), that party (either directly or through counsel) shall agree to comply with the Protective Order and the 502(d) Stipulation before receiving in the Nordlicht Proceedings any "Discovery Material" from the *Platinum-Beechwood Litigation* that was previously (a) produced or disclosed in the *Platinum-Beechwood Litigation* by a non-party to the Nordlicht Proceedings, or (b) designated in the *Platinum-Beechwood Litigation* by a non-party to the Nordlicht Proceedings as "Confidential" pursuant to the Protective Order.

5.      Where any Discovery Material was previously designated in the *Platinum-Beechwood Litigation* as "Confidential Discovery Material" under the Protective Order, any present or former party to the *Platinum-Beechwood Litigation* that did not produce that "Confidential Discovery Material" in the *Platinum-Beechwood Litigation* intending to re-produce that "Confidential Discovery Material" in the Nordlicht Proceedings to any present or future party to the Nordlicht Proceedings other than to Nordlicht or the Receiver shall notify the party that originally produced the Confidential Discovery Material of the documents that the party intending to re-produce such Confidential Discovery Material intends to produce and to whom at least five (5) business days prior to disclosure.

6.      The parties in the Nordlicht Proceedings shall not be obligated to return to this Court in connection with any dispute or needed clarification regarding the appropriate use, disclosure or filing of the Discovery Material in the Nordlicht Proceedings, and shall not be restricted by this Court from presenting such questions to the Bankruptcy Court in the Nordlicht Proceedings.

7.      Notwithstanding any provision in the Protective Order, the 502(d) Stipulation or this Order, nothing in the Protective Order, the 502(d) Stipulation or this Order shall restrict, govern or apply to the production, disclosure or use in the Nordlicht Proceedings of Discovery Material that was not produced to the Receiver or Nordlicht in the *Platinum-Beechwood Litigation* or designated as "Confidential" in the *Platinum-Beechwood Litigation*.   That production, disclosure or use shall instead be governed by the "Protective Order" entered in the Nordlicht Adversary Proceeding, a copy of which is attached hereto as **Exhibit A** and the "Stipulation and Order for Protection Pursuant to Rule 502(d) of the Federal Rules of Evidence," a copy of which is attached hereto as **Exhibit B**.

DATE: _____ 3/7/ , 2022.


_____
Jed S. Rakoff, U.S.D.J.