# EXHIBIT C

UNITED STATES OF AMERICA

BEFORE THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D.C.

| | |
|---|---|
| Written Agreement re THE NORCROWN TRUST, LIVINGSTON, NEW JERSEY, an unregistered bank holding company that controls NORCROWN BANK LIVINGSTON, NEW JERSEY (An insured State Nonmember Bank) by and among DAVID BODNER, and MURRAY HUBERFELD, and THE FEDERAL RESERVE BANK OF NEW YORK, FEDERAL DEPOSIT INSURANCE CORPORATION WASHINGTON, D.C. | FRB Dkt. Nos. 05-010-WA/RB-I2 05-010-WA/RB-I3 FDIC Dkt. No. 04-271WA |

WHEREAS, in recognition of their common goal to maintain the safety and soundness of bank holding companies and insured depository institutions, the Federal Reserve Bank of New York (the "Reserve Bank") and the Federal Deposit Insurance Corporation ("FDIC") have mutually agreed to enter into this Written Agreement ("Agreement") with David Bodner ("Bodner") and Murray Huberfeld ("Huberfeld");

WHEREAS, this Agreement pertains to allegations that Bodner and Huberfeld did not seek the prior approval of the FDIC pursuant to Section 19 of the Federal Deposit Insurance Act (the "FDI Act")(12 U.S.C. § 1829) before an investment was made that became a beneficial

2

interest in the name of the Laura Huberfeld and Naomi Bodner Partnership of more than 25 percent in the NorCrown Trust, Livingston, New Jersey ("NorCrown"), an unregistered bank holding company that owns more than 99 percent of the voting shares of NorCrown Bank, Livingston, New Jersey, an insured State nonmember bank;

WHEREAS, the FDIC has issued a Statement of Policy Pursuant to Section 19 of the Federal Deposit Insurance Act, 63 Fed. Reg. 66177 (December 1, 1998), which Statement may be revised from time to time or withdrawn;

WHEREAS, this Agreement is being executed in accordance with the Rules Regarding Delegation of Authority of the Board of Governors of the Federal Reserve System (the "Board of Governors"), specifically 12 C.F.R. § 265.11(a) (15), and the Reserve Bank has received the prior approval of the Director of the Division of Banking Supervision and Regulation and the General Counsel of the Board of Governors to enter into this Agreement with Bodner and Huberfeld; and

WHEREAS, the FDIC is authorized to enter into this Agreement pursuant to Section 9 of the FDI Act, 12 U.S.C. § 1819(a) (Seventh).

NOW, THEREFORE, Bodner and Huberfeld each respectively agree with the Reserve Bank and the FDIC as follows:

1. Bodner and Huberfeld agree that, except with the prior written consent of the FDIC in accordance with Section 19 of the FDI Act, each shall not (a) become, or continue as, an institution-affiliated party (as defined in Sections 3(u) and 8(b)(3) of the FDI Act (12 U.S.C. §§ 1813(u) and 1818(b)(3)), with respect to any insured depository institution (as defined in Section 3(c)(2) of the FDI Act, (12 U.S.C. § 1813(c)(2)) or any depository institution holding company (as defined in Section 3(w)(1) of the FDI Act (12 U.S.C. § 1813(w)(1)); (b) own or control, directly or indirectly, any insured depository institution or any depository institution

3

holding company ; or (c) otherwise participate, directly or indirectly, in the conduct of any insured depository institution or depository institution holding company.

    2.    All communications regarding this Agreement shall be addressed to:

(a)    David Bodner
152 West 57th Street (54th floor)
New York, NY 10019

with a copy to:

    Eliot Lauer
Curtis Mallet-Prevost, Colt & Mosle, LLP
101 Park Ave.
New York, New York 10178

(b)    Murray Huberfeld
152 West 57th Street (54th floor)
New York, NY 10019

with a copy to:

    Eliot Lauer
Curtis Mallet-Prevost, Colt & Mosle, LLP
101 Park Ave.
New York, New York 10178

(c)    William Rutledge
Executive Vice President
Federal Reserve Bank of New York
33 Liberty Street
New York, New York 10045

(d)    Christopher J. Spoth
Regional Director
Federal Deposit Insurance Corporation
20 Exchange Place
New York, New York 10005

    3.    This Agreement, and each and every provision hereof, is binding individually upon Bodner and Huberfeld, respectively, and shall remain fully effective and enforceable until

4

expressly stayed, modified, terminated or suspended in writing by the Reserve Bank and the FDIC.

4. This Agreement is a "written agreement" for the purposes of section 8 of the FDI Act (12 U.S.C. § 1818).

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the 18th day of February, 2005.

_____
David Bodner

_____
Murray Huberfeld

FEDERAL RESERVE BANK OF
NEW YORK

By _____
William L. Rutledge
Executive Vice President
Bank Supervision

FEDERAL DEPOSIT INSURANCE
CORPORATION

By _____
Lisa K. Roy
Associate Director
Division of Supervision and Consumer Protection