```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In re:

PLATINUM-BEECHWOOD LITIGATION           18 Civ. 06658 (JSR)

------------------------------x

MARTIN TROTT and CHRISTOPHER            18 Civ. 10936 (JSR)
SMITH, as Joint Official
Liquidators and Foreign
Representatives of PLATINUM
PARTNERS VALUE ARBITRAGE FUND LP
(in Official Liquidation) and
PLATINUM PARTNERS VALUE ARBITRAGE
FUND LP (in Official Liquidation)

              Plaintiffs,

          v.

PLATINUM MANAGEMENT (NY) LLC,
et al.,

              Defendants.
------------------------------x        Trial


                                       New York, N.Y.

                                       December 16, 2022
                                       9:30 a.m.


Before:

                HON. JED S. RAKOFF,

                                       District Judge
                                         and a Jury
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

MCG2PLA1

1                              APPEARANCES

2    HOLLAND & KNIGHT, LLP
          Attorneys for Plaintiffs
3    BY:  WARREN E. GLUCK
          MARTIN L. SEIDEL
4         RICHARD A. BIXTER JR.
          QIAN (SHEILA) SHEN
5         NOAH W.S. PARSON
          ELLIOT A. MAGRUDER
6

7    KATTEN MUCHIN ROSENMAN, LLP
          Attorneys for Defendant Bodner
8    BY:  ELIOT LAUER
          GABRIEL HERTZBERG
9         JULIA B. MOSSE

10
     CURTIS, MALLET-PREVOST, COLT & MOSLE, LLP
11        Attorneys for Defendant Bodner
     BY:  NATHANIEL C. AMENT-STONE
12        ALLESANDRA TYLER

13

14

15   Also Present:

16   Michael Robson, Paradocs Motion Support

17   Esterah Brown, Paralegal, Curtis Mallet

18

19

20

21

22

23

24

25

1                (Trial resumed; jury not present; 9:50 a.m)

2            THE DEPUTY CLERK:  December 16, 2022, the continuation

3   of Platinum Beechwood.

4            THE COURT:  Good morning.  Please be seated.

5            We have two more notes from our hard-working jury.

6   Juror note 6 simply says that the jury foreperson is Mary Jane

7   "Janie" Yorns, Y-O-R-N-S.  That is, I believe, Juror No. 4.

8            But more substantively, juror note 7 says, "Can you

9   tell us what exhibit has the valuation chart that shows

10  encumbrances and unencumbered numbers."

11           So what is the answer?

12           MR. GLUCK:  It's the PowerPoint.  We think we have it.

13           MS. SHEN:  It is PX 590.

14           THE COURT:  Do we have a hard copy?

15           MS. SHEN:  It is in the binder.

16           THE COURT:  590.

17           MR. AMENT-STONE:  We agree, your Honor.

18           MR. GLUCK:  We will get the Court a page number.  It's

19  about 20.

20           MS. SHEN:  PowerPoint slide 6 in the --

21           THE COURT:  Within 590?

22           MS. SHEN:  Yes.

23           THE COURT:  I think the easiest way to do this is just

24  to endorse a copy of note 7 at the bottom.  I will just say it

25  is PowerPoint 6 on -- it's a plaintiffs' exhibit?

MCG2PLA1

1           MS. SHEN:  It is a plaintiffs' exhibit, yes.  I
2    believe it is page 6.
3           MR. LAUER:  No.
4           MR. AMENT-STONE:  It says Bates nine, but it is --
5           THE COURT:  What exhibit is it?
6           THE DEPUTY CLERK:  One at a time.
7           THE COURT:  Plaintiffs'?  Defendant's?  Joint?
8           MS. SHEN:  Plaintiff.
9           MR. AMENT-STONE:  And your Honor, we believe the Bates
10   number for this page is CTRL--
11          THE COURT:  Hold on.  So it's Power Point 6, on
12   Plaintiffs' Exhibit 590, and Bates no.
13          MR. AMENT-STONE:  CTRL800889 --
14          THE COURT:  So control is -- how are they going to see
15   it?  C-T-R-L.
16          MR. AMENT-STONE:  Yes, CTRL, your Honor.
17          THE COURT:  CTRL.  Go ahead.
18          MR. AMENT-STONE:  8008.
19          THE COURT:  No, no, slower.  800.
20          MR. AMENT-STONE:  You have got 8008 and then 894.
21          THE COURT:  This is separated?
22          MR. AMENT-STONE:  No.  It continues.
23          THE COURT:  One long number.  8008894.
24          MR. AMENT-STONE:  Underscore and then three zeros,
25   0009.  I believe that's the right one.

1          THE COURT:  Okay.  So I have just put at the bottom of
2     a copy of juror note 7 the notation, "It is Power Point 6 in
3     Plaintiffs' Exhibit 590, Bates number CTRL8008894_0009," and I
4     have signed it "Judge Rakoff."  So my courtroom deputy will
5     take that right in to the jury.
6          Okay.  It looks to me like the number of notes will
7     soon equal the number of exhibits, but in any event, stay tuned
8     and we will see what happens.
9          (Recess pending verdict)
10          (Jury not present; 2:18 p.m.)
11          THE COURT:  We have received two more notes.  The
12     first note, which we have marked as jury note 8 says, "Was
13     PX 924 submitted into evidence?"  I can't help but say I told
14     you they would send a note.  Nevertheless, as we established
15     yesterday, it was not admitted into evidence.
16          The second note says, "Can we get Quintero's
17     testimony—the cross-examination?  One copy is all that's
18     needed or get a readback, whichever is faster."
19          So do we have a copy?
20          MS. SHEN:  We do, your Honor.
21          THE COURT:  Do you want to hand it up?  Both sides
22     agree on this copy?
23          MR. HERTZBERG:  We do, Judge.
24          THE COURT:  So for the record this is pages 1576
25     through 1622.

1           MS. SHEN:  It should be through 1667.

2           THE COURT:  I only have -- wait a minute.  I see.  I

3    am shocked to report that you put one page out of order.

4           MS. SHEN:  Oh, I'm sorry about that.

5           MR. HERTZBERG:  Call the marshals, Judge.

6           THE COURT:  Let me make sure all of the pages are in

7    order now.

8           Let me hand it quickly back to plaintiffs' counsel.

9    Why don't you quickly look at it while we sit here, make sure

10   all the pages are in proper order.

11          THE DEPUTY CLERK:  And there are no sidebars?

12          MS. SHEN:  There were no sidebars.

13          THE DEPUTY CLERK:  Okay, great.

14          THE COURT:  While Ms. Shen is doing that, I propose to

15   send with the jury those pages along with the following note:

16          "To the jury:  In answer to your most recent notes,

17   PX 924 was not received in evidence, as it was simply an aid to

18   your following Mr. Quintero's testimony.  Attached is a single

19   copy of the cross-examination testimony of Mr. Quintero."

20          Any problems with that?

21          MR. HERTZBERG:  No.

22          MR. GLUCK:  No.

23          THE COURT:  Very good.  So as soon as we get that -- I

24   will give this to my -- I don't think that we need to mark this

25   as a court exhibit because it is not substantive.  As soon as

1     we get those pages, we can take that right in to the jury.
2     Okay.
3               MR. GLUCK:  Sorry.  Did the Court want to take the
4     issue up that we discussed yesterday that the Court just
5     referenced?
6               THE COURT:  I'm sorry.
7               MR. GLUCK:  Did the Court wish to take the issue up
8     that we discussed yesterday in relation to 924 that while it
9     wasn't admitted into evidence --
10              THE COURT:  Well --
11              MR. LAUER:  -- but whether the jury can --
12              THE COURT:  -- had they asked -- well, we will see
13    what they say in response to my note.  If they come back and
14    say we would still like to see it, we will take up that issue,
15    but I don't think it is something that I should be
16    affirmatively offering.
17              MR. GLUCK:  Understood.
18              THE COURT:  All right.  So how are we coming on those?
19              MR. GLUCK:  Sheila is making sure that transcript is
20    correct.
21              THE COURT:  As soon as she comes back, my courtroom
22    deputy will take the pages and my cover note in to the jury.
23              (Recess pending verdict)
24              (Jury not present; 2:25 p.m.)
25              THE COURT:  Are we ready with the testimony?

1     MR. GLUCK:  We are not.  We need to confirm something

2  because we both realized something.  Five minutes.

3     THE COURT:  I really think we need to -- the whole

4  reason they said they would be happy with just one copy was so

5  that they could get it quickly.

6     In the meantime, we have another note we have not yet

7  marked, but I think we are up to 10.

8     THE DEPUTY CLERK:  Yes.

9     THE COURT:  It says, "Can we get Michael Katz's

10 deposition."  Now, I think that was actually -- there was one

11 deposition that a transcript was put in as an exhibit, so they

12 may have it without realizing it.

13    MR. HERTZBERG:  My recollection is that it was read

14 aloud with Mr. Gluck on the stand and the court reporter took

15 it down as if it were live testimony.

16    THE COURT:  That's the normal thing.  But there was

17 one deposition, maybe it was somebody else.

18    MR. HERTZBERG:  I think what the Court is thinking of

19 is when we played the video deposition.

20    THE COURT:  Yes.  Thank you very much.  What we need

21 to do is get the pages from the court reporter of Mr. Katz's

22 deposition.

23    As soon as you finish with the earlier testimony, I

24 really want to get that in right away, and then I will come up

25 when you are ready on the Katz deposition.

1              (Recess pending verdict)

2              (Jury not present; 2:40 p.m.)

3              THE COURT:  Please be seated.

4              Do we have the Katz deposition?

5              MS. SHEN:  (Handing).

6              THE COURT:  This is pages 1059 through 1104.  So I am
7    just going to put at the very top the words "Katz
8    Deposition"——I don't think we need more of a cover note than
9    that——and ask my courtroom deputy to take it in right now.
10   Good.  All right.  Stay tuned.

11             (Recess pending verdict)

12             (Jury not present; 4:15 p.m.)

13             THE COURT:  For the lawyers in the case involving the
14   deliberating jury, we have two notes.  The first one is that
15   they are staying until 4:30, and the second one is that they
16   want one copy of Mr. Bodner's testimony, so see what you can
17   do.  The court reporter obviously is occupied otherwise, but
18   see what you can do to put that together from the transcripts
19   that you have.

20             MR. HERTZBERG:  We will take care of it, Judge.  Thank
21   you.

22             THE COURT:  And you may want to go outside, if
23   necessary, so you are not disturbing this proceeding.

24             (Recess pending verdict)

25             (Jury not present; time noted, 4:32 p.m.)

            THE COURT:  All right.  There is a matter, counsel, that we are going to have to take up very shortly.  I think this matter can be completed in the next five minutes and then we will take up your matter.

            Linda, would you make sure that the jury remains here for the next at least the next five minutes.

            THE DEPUTY CLERK:  All of them?

            THE COURT:  All of them.

            (Pause)

            THE DEPUTY CLERK:  The only juror left is the author of the note.

            THE COURT:  They left.  Okay.  That's okay.  Tell him to remain.

            THE DEPUTY CLERK:  He is.

            (Recess)

            (Jury not present; 4:38 p.m.)

            THE COURT:  So first we got a note that was already read to you:  "Can we get Mr. Bodner's testimony, one copy."  Where do you stand on that?

            MR. GLUCK:  They are printing.

            MR. HERTZBERG:  Ms. Shen -- and we may get an update live.  Ms. Shen, I understand, is printing the testimony.

            THE COURT:  Okay.  So the jury has left.

            The next note right after that was, "For your interest, the jury is staying till 4:30," and then 4:30 came

and they left, deprived of having received that testimony.  But what we will do is my courtroom deputy will leave it.  Give it to her as soon as it is ready and she will leave it on the chair or the table, somewhere where it is obvious, with a little note saying:  Here is Mr. Bodner's testimony.

Now, the note that we have to deal with right now is from Juror No. 5.  It reads as follows:  "Judge Rakoff.  I totally understand this process, but I'm definitely experiencing a hardship at my job.  It's been over two weeks that I cannot do work that is time sensitive, and I have held off as long as I can.  I have done as much work that I can do on my breaks and lunch, but I need several hours behind my desk.  I am asking that at this point if I can be excused from the remaining deliberations."

So what is the position of counsel, starting with plaintiffs' counsel?  I should tell you before I hear from you that since we have nine jurors, and only six are required.  I am strongly inclined to grant that request.  But let me hear what your position is, plaintiffs' counsel.

MR. GLUCK:  I am just thinking, 30 seconds.

THE COURT:  Yes.

(Pause)

MR. GLUCK:  Can the juror be permitted to work for a few hours Monday morning and then they will all come in by Monday afternoon?

1  THE COURT:  You mean by excusing, he can't just come
2  in and come out, so you are saying excuse the entire jury for
3  several hours.  That's a possibility.
4  What is defense counsel's position.
5  MR. HERTZBERG:  That's a good solution, Judge, from
6  our perspective.  We would rather that than lose Juror 5.
7  THE COURT:  Let's see if that works.  Let bring out
8  juror 5.
9  (Juror No. 5 present; 4:41 p.m.)
10  THE COURT:  Just identify yourself for the record.
11  JUROR NO. 5:  Anthony Riccobono.
12  THE COURT:  So first I have a couple of questions for
13  you, but do not tell us anything about the deliberations.  We
14  are not entitled to know.
15  JUROR NO. 5:  Completely understand.
16  THE COURT:  So I got your note.  I read it to counsel,
17  who are all very sympathetic to your problem.  I have been
18  watching you.  You are a terrific juror.  I notice how
19  attentive you have been.  And I have even noticed you have a
20  good sense of humor, which is not always the case among jurors,
21  by which I mean you laughed at my jokes.
22  So here is what it really comes down to.  Is there a
23  way we could have the jury as a whole sit for fewer hours on
24  Monday or whatever to give you time to take care of what you
25  need to do but without losing you from it.  You made a huge

sacrifice.  Everyone here recognizes that.  But we would really hate to lose you if we don't have to.

JUROR NO. 5:  I understand.  Herein lies the problem.  So for the last two weeks, which I understand is my obligation to be here, my work has suffered because I run a small business.  I just lost a sales rep, so I am taking on all his duties, where it is very time sensitive.  So I have orders sitting on my desk for the last two weeks that I don't have the time to do the paperwork and place it and know that the order is going to go in, it's going to be correct.  And it involves a lot of money.

So I get up at 4:30 in the morning to get as many e-mails and work done as I can in the morning and try and pawn off as much work as I can to people who work for me, but then once I get here, even though I have been able at lunchtime to go down the street to 85 Worth Street, where I have a project that's going on, which is right here, I was supposed to go there today at 1:00, and I didn't realize I couldn't leave for lunch.  So, anyway, I had to cancel that, and I have to try and get this done on Monday.  And that's just one part of a pile that's sitting on my desk and I can't pawn that off on anybody else in my office to get done.

So it's really -- and then by the time I get home, because I live in Westchester, it's 7:00 at night some nights, and I spend an hour and a half doing e-mails, but I don't have

the time or the energy at that point to sit down and go through all my orders and do all my paperwork.  So even if we were here for half days on Monday until we were done, whenever that may be, I still wouldn't be able to get the work done and produced that I need to get done.

THE COURT:  All right.  Counsel come to the sidebar.

(At the sidebar)

THE COURT:  So he really answered the question that we had.  He said even if they only sat a half day, he wouldn't be able to get his work done and he's got a project that needs work.  It's nearby.

I'm still leaning towards excusing him, but let me find out if either counsel objects.

(Pause)

MR. HERTZBERG:  I'm letting you go first, in case it is unclear.

THE COURT:  I will tell you what.  Why doesn't defense counsel sit down so you won't know which way he is coming out, and then we will call you up and he won't know which way you are coming out, so it won't be a question of strategy based on other considerations.

MR. HERTZBERG:  Like consenting to a magistrate judge.  It's a good idea.

(Plaintiffs' counsel at sidebar).

THE COURT:  I do need a yes or no.

1                (Plaintiffs' counsel confer)
2                THE COURT:  Since you are still thinking it through,
3    let me hear from the other side and we will call you back in a
4    minute.
5                (In open court)
6                THE COURT:  Defense counsel, do you want to come on
7    up?
8                (Defense counsel at sidebar)
9                THE COURT:  So yes or no?  So let me say this.  The
10   fact that both sides are considering this at some length makes
11   me feel that both sides think the juror is probably on their
12   side.  In which case of course one of you is going to be wrong.
13   But I suggest that maybe that means that, naturally enough, you
14   are not in a position to really assess that.
15               Clearly he's been an excellent juror, but this has
16   been a terrific jury, filled with excellent people.  But,
17   anyway, I have got to make a determination.  So do you agree or
18   disagree?
19               MR. HERTZBERG:  The answer is that we do not object to
20   dismissing him.  I just want the Court to know why we
21   hesitated, because you really don't know that his case is any
22   different from --
23               THE COURT:  I'm sorry?
24               MR. HERTZBERG:  You really don't know that his case is
25   any different from any other juror.  That's why we hesitated.

1                THE COURT:  You could start something.

2                MR. HERTZBERG:  Exactly.

3                THE COURT:  I want to question him about what he said

4     to the jurors, if anything, but what I am going to do is, if we

5     excuse him, say that he must not communicate with the other

6     jurors in any way, shape, or form, and then I will tell them on

7     Monday that, for reasons that you may not concern yourself

8     with, I had to excuse him.  But I want to make sure that he

9     hasn't yet raised it with them.

10               Why don't you go back.  Plaintiffs' counsel was still

11    hemming and hawing, so I am going to call them back now.

12               (Plaintiffs' counsel at sidebar)

13               MR. GLUCK:  Our proposal is that the entire jury be

14    given the entirety of Monday off, he be given --

15               THE COURT:  I'm not going to do that because then we

16    just get closer and closer to the holidays and we are going to

17    have other jurors beginning to have problems.

18               So as I said outside your presence to defense

19    counsel—who, by the way, I think I can tell you now do not

20    object to it—the reason everyone is hesitating is because you

21    don't know which side he is on.  You are not going to know

22    that.  But what you do know is this is an exceptional jury and

23    there are a bunch of other very good people on this jury.

24               So anyway, I reject your proposal.  So now on the

25    pending question, do you -- and you do now have the knowledge

|   |   |
|---|---|
| 1 | of the other side's position, but do you object to his being |
| 2 | excused? |
| 3 | MR. GLUCK:  We do object, but we understand the |
| 4 | Court's position. |
| 5 | THE COURT:  Okay. |
| 6 | (In open court) |
| 7 | THE COURT:  There is nothing more fun than being a |
| 8 | juror when we have a sidebar. |
| 9 | Here is one of the concerns that counsel has raised |
| 10 | which is we are sure other jurors are beginning to have time |
| 11 | issues because this case went a little bit longer than we |
| 12 | thought it would be.  To be utterly frank, I thought it would |
| 13 | be over today.  So did you communicate to the -- any of the |
| 14 | jurors that you were going to ask to be excused. |
| 15 | JUROR NO. 5:  I had mentioned it to Ms. Kotowski |
| 16 | before she left the room, that if I needed to be excused, what |
| 17 | do I do?  And she said you have to write a note and hand it to |
| 18 | the judge.  Everybody was in the room.  I don't know if they |
| 19 | heard me, were paying attention. |
| 20 | THE COURT:  What I am going to do is the following.  I |
| 21 | am going to excuse you. |
| 22 | JUROR NO. 5:  Thank you. |
| 23 | THE COURT:  I am going to direct you very strictly to |
| 24 | have no contact with any of the other jurors.  We will let you |
| 25 | know when the case is over.  I am simply going to tell the jury |

1  Monday morning that you had to be excused for reasons they
2  should not speculate about.
3           But thank you for filling us in, and thank you for
4  your service.  We are very sorry to lose you.  Both sides
5  thought you were a terrific juror.  I thought you were a
6  terrific juror.  And I don't know why you want to give that up
7  just to make a living.
8           THE DEPUTY CLERK:  Plus we are changing caterers on
9  Monday.
10          THE COURT:  Anyway, but thank you again and you are
11 excused, so you don't have to show up Monday.
12          JUROR NO. 5:  Thank you, your Honor.  Thank you,
13 counsel.
14          THE COURT:  By the way, the jury, as far as you know,
15 just for my information, is coming back at 9:30 on Monday?
16          JUROR NO. 5:  That's correct.
17          THE COURT:  Okay.  Very good.  Thanks a lot.
18          JUROR NO. 5:  (Handing).
19          THE DEPUTY CLERK:  Oh, thank you.  You are just the
20 best.  This is the get-in-ahead-of-people card.
21          JUROR NO. 5:  Thank you.
22          COUNSEL:  Bye.
23          THE DEPUTY CLERK:  I will call you after the verdict
24 is in, sir.
25          JUROR NO. 5:  Okay.  Appreciate it.  Thank you.

1            (Juror No. 5 not present)

2            THE COURT:  For the benefit of defense counsel, since
3   they weren't at the sidebar, although this is all part of the
4   transcript, so you can see it anyway, plaintiffs' counsel
5   suggested that the jury as a whole be excused for the entirety
6   of Monday.  I rejected that because I thought that was an
7   invitation to further problems with other jurors as we get
8   closer and closer to the holidays.  And so after that, I did
9   inform plaintiffs' counsel that you had not objected, and I'm
10  sorry I did.  That was a moment of weakness on my part.  And
11  they, in any event, for I'm sure independently sufficient
12  reasons in their mind, did object to excusing the juror, but I
13  overruled that, as you heard, and therefore the juror has been
14  excused.

15           All right.  So have a very good weekend, and we will
16  see all of you at 9:30 or at least one from each side at 9:30
17  on Monday morning.

18           COUNSEL:  Thank you, Judge.

19           (Adjourned to Monday, December 19, 2022, at 9:30 a.m.)